# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY LUTZ,<br><br>             Plaintiff,<br><br>       v.<br><br>RAKUTEN, INC., RAKUTEN BASEBALL, INC. and HIROSHI MIKITANI,<br><br>             Defendants. | Civil Action No. 17-03895<br><br>**DECLARATION OF KIYOSHI TAKAHASHI**<br><br>[ELECTRONICALLY FILED] |

## DECLARATION OF KIYOSHI TAKAHASHI

I, Kiyoshi Takahashi, declare as follows:

1. I am a Co-Founder and Partner of Socius Legal Services, a boutique law firm in Tokyo, Japan. I have been engaged by the named defendants Rakuten, Inc., Rakuten Baseball, Inc., and Mr. Hiroshi Mikitani (collectively, the "**Named Defendants**") in the above-captioned action pending in U.S. federal court in the Eastern District of Pennsylvania (the "**Pennsylvania Lawsuit**"). I am a Japanese citizen and my primary residence is in Tokyo, Japan. I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify thereto.

2. I submit this declaration in support of the Named Defendants' combined *Motion To: (1) Dismiss For Lack Of Personal Jurisdiction Under Rule 12(b)(2); (2) Dismiss Or Stay Pending Resolution Of A Parallel Proceeding In Japan And On Grounds Of Forum Non Conveniens; and (3) Dismiss For Failure To State A Claim Under Rule 12(b)(6).*

3. I am admitted to practice law in both Japan and New York and have been practicing law for nearly 18 years. I received my Bachelor of Laws degree from Keio University in 1993 and spent two years at the Legal Training and Research Institute of the Supreme Court of Japan. I also received an LL.M from the University of Virginia in 2005. In 1999, I joined TMI Associates, one of the largest law firms in Japan, and became a partner there in 2007. I left to found my current firm, Socius Legal Services, in 2015. I focus my practice on commercial litigation and corporate disputes and have extensive experience in both areas. A copy of my professional profile is attached hereto as **EXHIBIT A** and available at https://www.socius.gr.jp/en/professional-profiles.

-1-

4. I have been asked to provide an opinion as to whether Zachary Lutz, the plaintiff in the Pennsylvania Lawsuit, could bring the claims he asserts against the Named Defendants in a Japanese court if the Pennsylvania Lawsuit were dismissed.

## Japanese Courts Provide A Suitable Alternative Forum

5. I have reviewed Mr. Lutz's complaint in the Pennsylvania Lawsuit and understand that he purports to bring claims against all three Named Defendants under Pennsylvania law for: (1) fraud; (2) negligent misrepresentation; and (3) promissory estoppel.

6. Article 4, subsections (1) and (2) of the Japanese Code of Civil Procedure, which provide for jurisdiction by general venue, state:

> *(1) An action shall be subject to the jurisdiction of the court that has jurisdiction over the location of the general venue of the defendant.*
>
> *(2) The general venue of a person shall be determined by his/her domicile . . . .*

Because all three Named Defendants are domiciled in Japan, a Japanese court would have jurisdiction over them. All three Named Defendants are thus amenable to service of process in Japan and Mr. Lutz would be able to file a lawsuit against them in Japan.

7. Under the Japanese Civil Code, all of Mr. Lutz's claims would be considered torts, and, while all three theories can still be pleaded, they would be brought as a single tort claim under Japanese law. The elements to prove a general tort in Japan are: (1) intent or negligence; (2) infringement of someone's rights or legal interests; (3) causation; and (4) damages. Those elements apply to each of the three theories that Mr. Lutz presently pleads in the Pennsylvania lawsuit. For example, for fraud, *see* Tokyo High Court, April 13, 2016, p. 357 of Shohishaho News Vol. 108 (the defendant solicited the plaintiff for $CO^2$ emission trading which he had no intent nor ability to fulfill; the court held that the plaintiff's action was a fraud and constituted a tort). For negligent misrepresentation, *see* Taishinin (the predecessor of the Supreme Court of

Japan) May 6, 1912, p. 454 of Taishinin Minji Hanketsuroku Vol. 18 (a board member of the Bank negligently provided a false public announcement; the court held that he made a misrepresentation to the public and that constituted a tort).  For promissory estoppel, *see* Supreme Court of Japan, September 18, 1984, p. 51 of Hanreijiho Vol. 1137 (the defendant was looking for a new place for his dental clinic and asked the plaintiff owner to fix a few things so the defendant could operate his dental clinic there; the defendant, however, suddenly decided not to buy the place and the plaintiff sued the defendant; the court held that it was reasonable for the plaintiff to rely on the defendant's action and thus the defendant was responsible for the plaintiff's damages).  Article 709 of the JCC provides that "*A person who has intentionally or negligently infringed any right of others, or legally protected interest of others, shall be liable to compensate any damages resulting in consequence.*"  All claimed damages can be recovered as long as there is reasonable causation between the tort and the claimed damages.  Therefore, Mr. Lutz can bring equivalent claims in Japan and seek redress for his claimed damages.

8. Unlike in Pennsylvania, punitive damages are not available in Japan.  *See*, for example, Supreme Court of Japan, March 24, 1993, p. 3039 of Minshu Vol. 47-4, and Supreme Court of Japan, July 11, 1997, p. 2573 of Minshu Vol. 51-6.  Although Mr. Lutz would not be able to seek punitive damages in Japan, this would not prevent him from bringing a tort claim based on the same conduct alleged in his lawsuit in Pennsylvania or from recovering compensatory damages if successful.

9. Because Japanese courts have jurisdiction over the Named Defendants and the subject matter of Mr. Lutz's Pennsylvania Lawsuit is recognized under Japanese law, the Japanese courts provide a suitable alternative forum for the claims that Mr. Lutz is presently trying to pursue in Pennsylvania.

## Other Considerations

10. According to the Japanese Code of Civil Procedure, a Japanese court can compel unwilling Japanese witnesses to testify. Article 190 of the Code provides that "*The court, except as otherwise provided, may examine any person as a witness.*" The broad term "any person" is considered to be limited only to Japanese citizens. Article 194 further provides that "*(1) The court may order subpoena of a witness who does not appear without justifiable grounds.*" Justifiable grounds are determined at the court's discretion.

## Pending Civil Litigation Against Zachary Lutz In Japan

11. I understand that on November 21, 2017, Rakuten Baseball, Inc. filed a lawsuit in Sendai, Japan seeking declaratory relief with regard to its dispute with Mr. Lutz (the "**Japanese Lawsuit**"). I have reviewed a copy of the Japanese Lawsuit. It addresses the same issues and seeks to resolve the same claims raised by Mr. Lutz in the action pending in Pennsylvania.

12. The Japanese Lawsuit asks the Japanese court to rule that Rakuten Baseball, Inc. did not commit any torts with respect to Mr. Lutz and that it is not liable to him for any of the claims he asserts. If Mr. Lutz desires, he could also assert counterclaims in Japanese court seeking affirmative relief against Rakuten Baseball, Inc. and, if he so desires, he could file a separate lawsuit in Japan to try to assert similar claims against Rakuten, Inc. and Mr. Mikitani and file a motion to consolidate the two lawsuits. My understanding, however, is that neither Rakuten, Inc. nor Mr. Mikitani had anything to do with the claims pleaded by Mr. Lutz as presently stated in his Pennsylvania Lawsuit.

DECLARATION OF KIYOSHI TAKAHASHI

-5-

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 30, 2017, at ___Tokyo___, Japan.

_____
KIYOSHI TAKAHASHI

-5-

DECLARATION OF KIYOSHI TAKAHASHI

# EXHIBIT A

- JP
- EN







Kiyoshi Takahashi

### Practice Area

General Corporate / Mergers & Acquisitions / Business Alliances / International Practice / Civil & Commercial Litigation / Corporate Governance / Startups & IPO / Labor / Intellectual Property / IT & Communications

### Education

University of Virginia School of Law (LL.M., 2005)

Legal Training and Research Institute of Supreme Court of Japan (1997-1999)

Keio University (LL.B., 1993)

### Experience

Co-founding Partner of Socius Legal Services (2015-Present)

Morgan, Lewis & Bockius, Palo Alto Office (2005-2006)

Simmons & Simmons, Hong Kong Office (2001-2002)

TMI Associates (1999-2014 (as Partner from 2007-2014))

Recruit Holdings Co., LTD (1993-1994)

### Admissions

New York Bar Association (Admitted in 2006)

Daiichi Tokyo Bar Association (Admitted in 1999)

### Memberships

Member of Japanese Law Translation Council, Ministry of Justice (2012-2016)