IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ZACHARY LUTZ,

        Plaintiff,

    v.

RAKUTEN, INC., RAKUTEN BASEBALL,
INC., and HIROSHI MIKITANI,

        Defendants.

CIVIL ACTION
NO. 17-3895

## ORDER

**AND NOW**, this 11th day of September, 2018, upon review of Defendants'

Motion to Dismiss (Docket No. 11), Plaintiff's response thereto, and Defendants' reply,

and after oral argument on said motion, it is hereby **ORDERED** as follows:

1. Defendants' motion is **DENIED WITHOUT PREJUDICE**;

2. The parties may conduct jurisdictional discovery for a period of sixty (60)

   days; and

3. After completion of jurisdictional discovery, Defendants may renew the

   motion, if appropriate[1].

---

[1] "[C]ourts reviewing a motion to dismiss a case for lack of in personam jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 142 n. 1 (3d Cir. 1992), quoted in *Bootay v. KBR, Inc.*, 437 F. App'x 140, 143 (3d Cir. 2011). The burden of establishing that jurisdiction is proper rests with the plaintiff. *Bootay*, 437 F. App'x at 143. Plaintiff cannot rely on general averments in the complaint; instead, he must "establish[] with reasonable particularity sufficient contacts between the defendant and the forum state," *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992), by providing jurisdictional facts supported by affidavits or competent evidence. *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n. 9 (3d Cir. 1984).

In the instant matter, Plaintiff asserts personal jurisdiction over defendants based upon Defendant Rakuten Baseball, Inc.'s contacts with Pennsylvania, as well the "Rakuten ecosystem," which he claims establishes jurisdiction as to Defendants Mikitani and Rakuten, Inc. The evidence currently before me is insufficient to allow me to determine whether the defendants had sufficient minimum contacts with Pennsylvania to justify suit being brought against them in this jurisdiction. Further, despite the submission of affidavits as to

**BY THE COURT:**


*s/s JEFFREY L. SCHMEHL, J.*
Jeffrey L. Schmehl, J.

---

jurisdiction by both Plaintiff and Defendants, Defendants have filed "objections" to Plaintiff's affidavits, further muddying the waters as to the Defendants' contacts with this jurisdiction. Because it appears to be possible for Plaintiff to establish jurisdiction as to one if not all of the Defendants in this matter, I find that a period of jurisdictional discovery is warranted. *See LaSala v. Marfin Popular Bank Public Co.*, 410 F.App'x 474, 478 (3d Cir. 2011) (stating that "[a]s a general rule, jurisdictional discovery is allowed unless the claim of jurisdiction is clearly frivolous.")