## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY LUTZ,<br><br>   Plaintiff,<br><br> v.<br><br>RAKUTEN, INC., RAKUTEN BASEBALL, INC. and HIROSHI MIKITANI,<br><br>   Defendants. | Civil Action No. 17-03895<br><br>**DECLARATION OF YOZO TACHIBANA SUBMITTED ON BEHALF OF RAKUTEN BASEBALL, INC. IN SUPPORT OF ITS RENEWED MOTION TO DISMISS**<br><br>[ELECTRONICALLY FILED] |

## DECLARATION OF YOZO TACHIBANA SUBMITTED ON

## BEHALF OF DEFENDANT RAKUTEN BASEBALL, INC.

I, Yozo Tachibana, declare as follows:

1.  I am the CEO of Rakuten Baseball, Inc. ("**Rakuten Baseball**"), a defendant in this lawsuit filed by Plaintiff Zachary Lutz against non-resident, Japanese defendants Rakuten, Inc. and Rakuten Baseball.[1]  I am a Japanese citizen.  I reside in Tokyo, Japan.  I make this declaration based on my personal knowledge, my personal knowledge of the records available to me as they are kept in the ordinary course of business, information obtained from other Rakuten Baseball employees upon whom I regularly rely in the ordinary course of business, and my general knowledge of the business practices of Rakuten Baseball.  If called as a witness, I could and would competently testify thereto.

2.  I submit this declaration in support of Rakuten, Inc.'s and Rakuten Baseball's *Renewed Motions To: (1) Dismiss For Lack Of Personal Jurisdiction Under Rule 12(b)(2); and (2) Dismiss For Failure To State A Claim Under Rule 12(b)(6)*.

**I.      PLAINTIFF ZACHARY LUTZ.**

3.  Plaintiff Zachary Lutz is or was a professional baseball player.  In 2014, he was living and working in Las Vegas, Nevada where he was playing for the Las Vegas 51s, a AAA (minor league) team in the Pacific Coast League.  In June 2014, he signed a contract to play for the Tohoku Rakuten Golden Eagles (the "**Golden Eagles**") professional baseball team located in Sendai, Japan, a team owned and operated by defendant Rakuten Baseball.  Mr. Lutz was released from the Las Vegas 51s and moved from Las Vegas, Nevada to Japan where he started playing for the Tohoku Rakuten Golden Eagles in June 2014.  He only played 15 games before

---

[1] On January 11, 2019, Plaintiff Zachary Lutz voluntarily dismissed defendant Hiroshi Mikitani from this action.  [ECF Docket No. 40.]

he was injured on or about July 21, 2014 and could not finish out the season. He returned to the United States for surgery in September 2014.

## II. RAKUTEN BASEBALL, INC. DOES NOT HAVE ANY CONNECTION TO PENNSYLVANIA.

### A. Rakuten Baseball, Inc. Is A Japanese Corporation That Does Not Operate In Pennsylvania.

4. Rakuten Baseball is a Japanese corporation headquartered at 2-11-6 Miyagino, Miyagino-ku, Sendai, Miyagi 983-0045, Japan. It owns and operates the Golden Eagles, a professional baseball team located in Sendai, Japan. *See* https://www.rakuteneagles.jp/:



The Golden Eagles play in Japan's Pacific League, one of two professional baseball leagues in Nippon Professional Baseball in Japan. The other teams in Japan's Pacific League are the

Fighters in Sapporo, the Lions in Tokorozawa, the Marines in Chiba, the Buffaloes in Osaka, and the Hawks in Fukuoka.

    5.    Rakuten Baseball:

        a.    does not now have, and has never had, any offices, employees, or operations in the United States;

        b.    does not now conduct or operate, and has never conducted or operated, any business in Pennsylvania;

        c.    is not now licensed, and has never been licensed, to conduct business in Pennsylvania;

        d.    does not now have, and has never had, an agent for service of process in Pennsylvania;

        e.    does not now pay, and has never paid, property or any other taxes in Pennsylvania;

        f.    does not now collect, and has never collected, taxes from Pennsylvania residents;

        g.    does not now generate, and has never generated, any revenues in Pennsylvania;

        h.    does not now purchase or place, and has never purchased or placed, any advertisements in Pennsylvania;

        i.    is not now, and has never been, regulated by the laws or regulations of Pennsylvania;

        j.    with the exception of this lawsuit, has never been involved in any lawsuit in Pennsylvania;

k.     does not now own or lease, and has never owned or leased, any offices or other real property in Pennsylvania;

l.     does not now have, and has never had, any assets located in Pennsylvania;

m.     does not now maintain, and has never maintained, corporate records in Pennsylvania;

n.     does not now have, and has never had, any bank accounts in Pennsylvania;

o.     does not now have, and has never had, any employees or officers in Pennsylvania;

p.     does not now hold, and has never held, any director or shareholder meetings in Pennsylvania;

q.     does not now have, and has never had, companies or subsidiaries conducting business activities in Pennsylvania on its behalf;

r.     does not now have, and has never had, any direct, wholly owned subsidiaries operating in Pennsylvania;

s.     does not now sell or provide, and has never sold or provided, products or services to Pennsylvania residents;

t.     does not report, and has never reported, financial results on its financial statements from any business activities it had in Pennsylvania, as there have been no such activities;

u.     does not now regularly purchase, and has never regularly purchased, products, supplies, or services within Pennsylvania for use in Rakuten Baseball's business outside Pennsylvania;

v.     does not now have, and has never had, operations in Pennsylvania; and

    w.  has never filed any administrative reports with any Pennsylvania agency or department.

**B.  <u>Defendant Rakuten, Inc. Does Not Operate Or Control Rakuten Baseball.</u>**

6.  Rakuten Baseball is not a division of defendant Rakuten, Inc. While it is a direct, wholly owned subsidiary of Rakuten, Inc., it is a separate Japanese entity and operates as such. Rakuten, Inc. has no operational oversight concerning Rakuten Baseball's operations, business, or negotiations with its baseball team players. Rakuten, Inc. does not get involved in Rakuten Baseball's negotiations with baseball team players, and had no involvement in any discussions with Mr. Lutz or in any of the negotiations between Rakuten Baseball and Mr. Lutz's Los Angeles, California agents (MVP Sports Group, LLC).

7.  Defendants Rakuten, Inc. and Rakuten Baseball are separate entities and maintain separate corporate formalities. Each:

    a.  holds its own shareholder meetings and board meetings;

    b.  maintains its own minutes;

    c.  files its own corporate records;

    d.  maintains its own separate bank accounts and offices; and

    e.  has adequate capital for its separate operations.

Rakuten, Inc. does not pay taxes on behalf of Rakuten Baseball.

8.  The CEO and Chairman of Rakuten, Inc. is Hiroshi Mikitani, previously named as a defendant in this lawsuit but since dismissed. [*See* footnote 1, above.] Contrary to allegations previously made by Mr. Lutz in this lawsuit, Mr. Mikitani does not own or operate the Golden Eagles baseball team, does not operate Rakuten Baseball, and had no involvement in any of Rakuten Baseball's negotiations concerning Mr. Lutz.

9.    Because Rakuten Baseball is a direct, wholly owned subsidiary of Rakuten, Inc., Mr. Mikitani is on Rakuten Baseball's board and as a result holds a Rakuten Baseball title—"Executive Director, Chairman, and Owner". "Owner" as used in that title, however, does not mean that Mr. Mikitani owns Rakuten Baseball or its Golden Eagles baseball team. "Owner" has a different meaning in Japan than it would in the United States. In Japan, it does not refer to actual ownership. Instead, it merely refers to Mr. Mikitani's status as a team representative by virtue of the fact that Rakuten, Inc. is Rakuten Baseball's parent. The constitution of Japan's professional baseball league, Nippon Professional Baseball, defines "owner" as someone who represents the company that owns or controls the baseball team, and who also is an executive of the company operating the team. As the parent company of Rakuten Baseball, Rakuten, Inc. owns all the shares of Rakuten Baseball.

10.   As a Rakuten Baseball board member, Mr. Mikitani is not involved in the day-to-day operations of Rakuten Baseball or its baseball team, nor in negotiations for baseball players to play on the team. His role at Rakuten Baseball is limited to: (a) attending Owners Meetings held by Nippon Professional Baseball, Japan's professional baseball league; (b) attending Rakuten Baseball's board meeting once a quarter; and (c) overseeing governance of Rakuten Baseball as the CEO and Chairman of Rakuten, Inc.

C.    **Rakuten Baseball, Inc. Does Not Use The Word "Ecosystem" To Describe Its Activities.**

11.   Rakuten Baseball understands that Mr. Lutz is trying to assert jurisdiction over Rakuten Baseball in Pennsylvania based on some sort of "ecosystem" theory. Rakuten Baseball does not use the phrase "Rakuten Ecosystem" or the word "ecosystem" in its website, https://www.rakuteneagles.jp/, or elsewhere. Nor does it operate or have any presence in Pennsylvania.

12. To the best of Rakuten Baseball's understanding, the "ecosystem":

   a. is merely the name for a concept describing how numerous members of a large corporate family are organized under a holding company parent (here, Rakuten, Inc.) and then might share brands, communications, data, and interactions with each other and with consumers;

   b. is primarily focused on e-commerce interactions in Japan; and

   c. is not a tangible, or even intangible, thing that is capable of "functioning" or "operating" in Pennsylvania, or in any other limited geographic location for that matter.

Rakuten Baseball operates a professional baseball team. It is not in the e-commerce business. It therefore is not part of any so-called "Rakuten Ecosystem" in Japan or elsewhere, as such a concept is primarily focused on e-commerce interactions in Japan. Its presence in any sort of "Rakuten Ecosystem" is merely by virtue of the fact that it is a Rakuten, Inc. subsidiary that can be found under the holding company umbrella held by Rakuten, Inc. for its various Rakuten-branded affiliates. Rakuten, Inc.'s "ecosystem" concept has nothing to do with: (a) baseball; (b) Rakuten Baseball; or (c) Rakuten Baseball's negotiations with players or prospective players for its Golden Eagles team in Sendai, Japan.

### D. Rakuten Baseball, Inc. Is Not An Agent Of Rakuten, Inc.

13. There is no agency relationship between Rakuten, Inc. and Rakuten Baseball Neither Rakuten Baseball nor any employee of Rakuten Baseball is, or has ever been, an agent of Rakuten, Inc. Rakuten, Inc. has never stated or asserted to Rakuten Baseball that Rakuten Baseball, or any employee of Rakuten Baseball, could or would act on behalf of Rakuten, Inc. or bind Rakuten, Inc. in any way. Neither Rakuten Baseball nor any employee of Rakuten Baseball

has ever stated or asserted that it, he, or she could or would act on behalf of Rakuten, Inc. or bind Rakuten, Inc. in any way.

## III. RAKUTEN BASEBALL, INC. DID NOT PURPOSEFULLY DIRECT ANY CONDUCT TOWARD THE COMMONWEALTH OF PENNSYLVANIA IN ITS DISCUSSIONS WITH PLAINTIFF ZACHARY LUTZ OR ITS NEGOTIATIONS WITH PLAINTIFF ZACHARY LUTZ'S LOS ANGELES, CALIFORNIA AGENTS.

### A. Plaintiff Zachary Lutz's 2014 Season Contract.

14. In June 2014, Rakuten Baseball and Mr. Lutz entered into a contract pursuant to which he would play professional baseball for the Golden Eagles in Sendai, Japan for the 2014 baseball season. (Hereinafter, the "**2014 Season Contract**".)

15. The 2014 Season Contract required that Mr. Lutz live and work in Sendai, Japan from June 15 to November 30, 2014 and specified that he was not allowed to leave Japan during that term without the team's approval.

16. Pursuant to the 2014 Season Contract:

   a. the team provided Mr. Lutz with housing, a meal allowance, and medical care in Japan;

   b. Mr. Lutz was responsible for the costs of local Japanese transportation;

   c. the contract was governed by Japanese law;

   d. the exclusive venue for any disputes under the contract was in Tokyo;

   e. Mr. Lutz's compensation was subject to Japanese withholding, consumption, and other taxes;

      f.      the right to take and use photographs and video of Mr. Lutz was given to the Japanese team, other Japanese baseball teams, and the Japanese baseball league, Nippon Professional Baseball;

      g.      Mr. Lutz's contract was subject to oversight and approval by the Japanese Baseball Commissioner; and

      h.      all performance and services by Mr. Lutz under the 2014 Season Contract were to take place in Japan (and potentially other Asian countries, depending on the team's potential success in championship games).

None of Mr. Lutz's services under the 2014 Season Contract were to be performed in Pennsylvania or anywhere else in the United States and, in fact, he performed no services for Rakuten Baseball in Pennsylvania or anywhere else in the United States.

      17.      In negotiating the 2014 Season Contract, Rakuten Baseball directed no communications to Mr. Lutz in Pennsylvania. It similarly did not receive any communications from Mr. Lutz at a time when Rakuten Baseball was aware that Mr. Lutz was in Pennsylvania. In fact, Rakuten Baseball did not have direct contact with Mr. Lutz at all—all of its negotiations concerning Mr. Lutz's 2014 Season Contract until he arrived in Japan on June 14, 2014 were with his agents (MVP Sports Group, LLC), who are located in Los Angeles, California. During the negotiations, those agents informed Rakuten Baseball that Mr. Lutz was living and working in Las Vegas, Nevada at the time, where he was playing for the Las Vegas 51s, a AAA (minor league) team in the Pacific Coast League.

      18.      Once the 2014 Season Contract was concluded, Mr. Lutz was released by the Las Vegas 51s and arrived in Japan directly from Las Vegas, Nevada, as shown by the following ticket that Rakuten Baseball purchased and delivered to Mr. Lutz's Los Angeles, California agents:

| | | | | |
|---|---|---|---|---|
| | | | | Amadeus Japan e-ITR |

**ELECTRONIC TICKET ITINERARY / RECEIPT**

| NAME | LUTZ ZACHARY CRAIG | | |
|---|---|---|---|
| REFERENCE | 1A/7SF23V   UA/CGVZM6   NH/BXFD2L | TICKETING AIRLINE | UNITED AIRLINES |
| TICKETING DATE | 12JUN14 | TICKETING PLACE | 05600604 |
| TICKETING NUMBER | 016-7434499700-01 | FQTV | |

**ITINERARY**

| DATE/TIME | CITY/AIRPORT | AIRLINE/FLIGHT/CLASS | STATUS | REMARKS |
|---|---|---|---|---|
| 13JUN(FRI) 0811<br>13JUN(FRI) 0956 | LAS VEGAS/MCCARRAN INTERNATIONAL (3)<br>SAN FRANCISCO/SAN FRANCISCO INTL (3) | UNITED AIRLINES<br>UA1122 05EN/P | OK | FB:PLW0ZEJ0/TZ21<br>BGG:2PC<br>NVB/NVA:13JUN//13JUN |
| 13JUN(FRI) 1325<br>14JUN(SAT) 1600 | SAN FRANCISCO/SAN FRANCISCO INTL (I)<br>TOKYO/NARITA INTL (1) | UNITED AIRLINES<br>UA853 10KN/P | OK | FB:PLW0ZEJ0/TZ21<br>BGG:2PC<br>NVB/NVA:13JUN//13JUN |
| 14JUN(SAT) 1855<br>14JUN(SAT) 2005 | TOKYO/NARITA INTL (1)<br>SENDAI/SENDAI | ALL NIPPON AIRWAYS<br>NH3235 01KN/F | OK | FB:FLNH<br>BGG:2PC<br>NVB/NVA://03JUL |
| 06SEP(SAT) 1600<br>06SEP(SAT) 0915 | TOKYO/NARITA INTL (1)<br>SAN FRANCISCO/SAN FRANCISCO INTL (I) | UNITED AIRLINES<br>UA838 08JN/P | OK | FB:PLW0ZEJ0/TZ21<br>BGG:2PC<br>NVB/NVA:06SEP//06SEP |
| 06SEP(SAT) 1052<br>06SEP(SAT) 1231 | SAN FRANCISCO/SAN FRANCISCO INTL (3)<br>LAS VEGAS/MCCARRAN INTERNATIONAL (3) | UNITED AIRLINES<br>UA1548 02EN/P | OK | FB:PLW0ZEJ0/TZ21<br>BGG:2PC<br>NVB/NVA:06SEP//06SEP |

FB: FARE BASIS / BGG: FREE BAGGAGE ALLOWANCE
NVB/NVA: NOT VALID BEFORE/AFTER

The return portion of that ticket had Mr. Lutz returning to Las Vegas, Nevada on September 6, 2014.  There was no connection to Pennsylvania.

19. Mr. Lutz only played 15 games for the Golden Eagles when he was injured in Japan on or about July 21, 2014 during the 2014 season.  As a result, he was unable to finish the season and left Japan in mid-September 2014 in order to have surgery on his hand in New York on September 25, 2014.

**B.    The 2015 Season Proposal Concerning Plaintiff Zachary Lutz.**

20. Before he left Japan, Rakuten Baseball began discussions with Mr. Lutz concerning returning to play again for the Golden Eagles team in Japan for the 2015 season, depending on how he recovered from his injury.  (Hereinafter, the "**2015 Season Proposal**".)

489128530.4                                           -11-

21. Once again, Rakuten Baseball's negotiations for the 2015 Season Proposal were conducted with Mr. Lutz's agents, MVP Sports Group, located in Los Angeles, California. There were no negotiations in Pennsylvania. As was true for the 2014 Season Contract, the 2015 Season Proposal, if it had concluded with an executed contract, would have been Japan-centric. Among other things:

    a.    Mr. Lutz again would have been required to live and work in Japan;

    b.    he would not have been allowed to leave Japan during the term of the agreement without the team's approval;

    c.    Japanese law again would have governed any 2015 season contract;

    d.    Mr. Lutz would have been required to litigate any disputes in Tokyo;

    e.    he would have been required to pay Japanese taxes; and

    f.    all performance and services by Mr. Lutz would have been provided in Japan (and potentially other Asian countries, depending on the team's potential success in championship games).

None of Mr. Lutz's proposed services under the 2015 Season Proposal, if a contract had been concluded, would have been performed in Pennsylvania or anywhere else in the United States.

22. While negotiations for the 2015 Season Proposal were ongoing, Mr. Lutz left Japan in mid-September 2014 in order to have surgery on his hand in New York on September 25, 2014. Rakuten Baseball does not actually know whether Mr. Lutz was in Pennsylvania at any time it subsequently communicated with him, and directed no communications to him and received no communications from him actually knowing that he was in Pennsylvania at the time of such communications. As a result, Rakuten Baseball could not have purposefully directed any conduct at the Commonwealth of Pennsylvania.

23. Almost all of Rakuten Baseball's discussions about the 2015 Season Proposal occurred with Mr. Lutz's agents, located in Los Angeles, California.

24. Only one Rakuten Baseball employee, Akihito Sasaki, directly communicated with Mr. Lutz after Mr. Lutz had left Japan. Mr. Sasaki is Rakuten Baseball's Director of the Baseball Team Strategy Office. He works and resides in Sendai, Japan. Between September 23, 2014 and January 1, 2015, he exchanged a handful of e-mails or text messages with Mr. Lutz concerning having him return to Japan to play for the Golden Eagles for the 2015 season if he fully recovered from his injury. The communications included purely social topics, such as Thanksgiving and New Year's wishes. Most of the communications concerned updates about Mr. Lutz's surgery, prognosis, and rehabilitation exercises. Because Mr. Lutz received surgery and treatment in New York at various times after he left Japan, and might otherwise have traveled outside Pennsylvania during that time period, neither Mr. Sasaki nor Rakuten Baseball actually knew at any time Mr. Sasaki was communicating with Mr. Lutz whether he was in Pennsylvania, or Las Vegas, or elsewhere at the time of their communications.

25. Neither Mr. Sasaki nor anyone else from Rakuten Baseball ever traveled to Pennsylvania in connection with the 2015 Season Proposal. Rakuten Baseball is informed that during the jurisdictional discovery phase of this case, Mr. Lutz's counsel suggested that Mr. Sasaki had visited Pennsylvania during November or December 2014 for business purposes. He never visited Pennsylvania. The following is Mr. Sasaki's travel schedule during that period:

    a. <u>November 21, 2014</u>: Flew from Tokyo, Japan to New York, New York, and then transferred to a flight to Santo Domingo in the Dominican Republic, where he stayed until November 23.

    b. <u>November 23, 2014</u>: Left the Dominican Republic and returned to New York, New York, where he stayed until December 4.

  c. <u>December 4, 2014</u>:  Left New York and flew to Phoenix, Arizona, where he stayed until December 6.

  d. <u>December 6, 2014</u>:  Left Phoenix, Arizona and flew to San Diego, California, where he stayed until December 10.

  e. <u>December 10, 2014</u>:  Left San Diego, California and flew to New York, New York, from where he continued on to Santo Domingo in the Dominican Republic, where he stayed until December 16.

  f. <u>December 16, 2014</u>:  Left the Dominican Republic and flew to Miami, Florida, where he transferred to a flight back home to Japan.

  g. <u>December 17, 2014</u>:  Arrived back in Japan.

26. Rakuten Baseball and Mr. Lutz never reached a final agreement, and Rakuten Baseball ended its negotiations over the 2015 Season Proposal concerning Mr. Lutz on December 23, 2014, via an e-mail from Rakuten Baseball to Mr. Lutz's agents in Los Angeles.

**C. <u>Plaintiff Zachary Lutz's Suggestion Of Some Pennsylvania Nexus Concerning Professional Baseball Player Gaby Sanchez.</u>**

27. Rakuten Baseball is informed that during the jurisdictional discovery phase of this case, Mr. Lutz's counsel also suggested that Rakuten Baseball had communications with professional baseball player Gaby Sanchez in Pennsylvania.  Mr. Lutz suggests that Mr. Sanchez was hired in his place.  No such communications took place.  All of Rakuten Baseball's communications concerning Mr. Sanchez were with Mr. Sanchez's agents, Beverly Hills Sports Council, located in Santa Monica, California.  Those agents informed Rakuten Baseball that Mr. Sanchez was living in Miami, Florida at the time.  There was no connection to Pennsylvania.

**D.      All Of The Substantive Conduct And Evidence Arose In Japan.**

28.     Rakuten Baseball made all decisions regarding the 2015 Season Proposal from its offices in Japan.  All persons at Rakuten Baseball who were involved in negotiations with Mr. Lutz concerning the 2015 Season Proposal reside in Japan.  None reside in Pennsylvania or anywhere else in the United States.  Specifically, all of the communications upon which Mr. Lutz's claims are based were allegedly made by Rakuten Baseball employees Akihito Sasaki, Director of the Baseball Team Strategy Office, and Hiroshi Abei, Executive Director of Baseball Operations.  Both are Japanese citizens employed by Rakuten Baseball, not Rakuten, Inc., and reside in Japan.  Both had direct communications with Mr. Lutz's agents, located in Los Angeles, California, but, as noted above, only Mr. Sasaki communicated directly with Mr. Lutz after Mr. Lutz left Japan.  Mr. Abei communicated only with Mr. Lutz's Los Angeles agents.

29.     Although Mr. Sasaki, Mr. Abei, and other Rakuten Baseball employees speak some English, they do not speak English well enough to testify in English and any testimony for a United States proceeding would require translation or interpretation.

30.     The documents regarding these negotiations are maintained at Rakuten Baseball's headquarters in Sendai, Japan.  It maintains none of these documents in Pennsylvania or anywhere else in the United States.  Most of the relevant documents are written in Japanese.

31.     In December 2014, Rakuten Baseball decided to cease negotiations with Mr. Lutz's Los Angeles agents.  All of the individuals at Rakuten Baseball who were involved in that decision reside in Japan.  None reside in Pennsylvania or anywhere else in the United States.  All of the documents regarding that decision are maintained at Rakuten Baseball's headquarters in Sendai, Japan.  None are maintained in Pennsylvania or anywhere else in the United States.

32.     Neither Rakuten, Inc. nor its Chief Executive Officer, Mr. Mikitani, was involved in any of Rakuten Baseball's negotiations or discussions with or decisions concerning Mr. Lutz.

Mr. Abei is Rakuten Baseball, Inc.'s Executive Director of Baseball Operations for the Tohoku Rakuten Golden Eagles baseball team. In e-mails dated December 19, 20 and 21, 2014 between Mr. Abei and Mr. Lutz's Los Angeles, California agent, Acey Kohrogi of MVP Sports Group, Mr. Abei stated that he needed to talk with Rakuten Baseball, Inc.'s "boss", "President", and "ownership" about the proposed 2015 season contract with Mr. Lutz. All of those references were to me—Rakuten Baseball, Inc.'s CEO—and not to Rakuten, Inc. or Mr. Mikitani.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 22, 2019, at Sendai, Japan.

_____
YOZO TACHIBANA

489128530.4                                                    -16-

## **CERTIFICATE OF SERVICE**

I, Valerie E. Alter, hereby certify that on the 25th day of January 2019, the foregoing document was filed electronically, is available for viewing and downloading from the CM/ECF System, and has been served via the Court's electronic filing service on all counsel of record.

*/s/ Valerie E. Alter*

*Counsel for Defendants Rakuten, Inc.
and Rakuten baseball, Inc.*