# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY LUTZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RAKUTEN, INC., RAKUTEN BASEBALL, INC. and HIROSHI MIKITANI,<br><br>　　　　Defendants. | Civil Action No. 17-03895<br><br>**DECLARATION OF AKIHITO SASAKI SUBMITTED ON BEHALF OF RAKUTEN BASEBALL, INC. IN SUPPORT OF ITS RENEWED MOTION TO DISMISS**<br><br>[ELECTRONICALLY FILED] |

## DECLARATION OF AKIHITO SASAKI SUBMITTED ON

## BEHALF OF DEFENDANT RAKUTEN BASEBALL, INC.

I, Akihito Sasaki, declare as follows:

1.      I am the Director of the Baseball Team Strategy Office for Rakuten Baseball, Inc., a defendant in this lawsuit filed by Plaintiff Zachary Lutz against non-resident, Japanese defendants Rakuten, Inc. and Rakuten Baseball, Inc.[1]  I am a Japanese citizen.  I work and reside in Sendai, Japan.  I make this declaration based on my personal knowledge, my personal knowledge of the records available to me as they are kept in the ordinary course of business, information obtained from other Rakuten Baseball, Inc. employees upon whom I regularly rely in the ordinary course of business, and my general knowledge of the business practices of Rakuten Baseball, Inc.  If called as a witness, I could and would competently testify thereto.

2.      I submit this declaration in support of Defendants' *Renewed Motions To: (1) Dismiss For Lack Of Personal Jurisdiction Under Rule 12(b)(2); and (2) Dismiss For Failure To State A Claim Under Rule 12(b)(6)*.

3.      In June 2014, Rakuten Baseball, Inc. entered into a contract with Plaintiff Zachary Lutz to play for the Tohoku Rakuten Golden Eagles (the "**Golden Eagles**") professional baseball team in Sendai, Japan for the 2014 season.  Rakuten Baseball, Inc. owns and operates that team.  At the time, Mr. Lutz was living and working in Las Vegas, Nevada where he was playing for the Las Vegas 51s, a AAA (minor league) team in the Pacific Coast League.  He ended up only playing 15 games for the Golden Eagles before he was injured on or about July 21, 2014 and could not finish out the season.  Mr. Lutz then left Japan in mid-September 2014 to return to the United States in order to have surgery on his hand in New York on or about September 25, 2014.

---

[1] On January 11, 2019, Plaintiff Zachary Lutz voluntarily dismissed defendant Hiroshi Mikitani from this action.  [ECF Docket No. 40.]

4. Before he returned to the United States, I had some discussions with Mr. Lutz concerning returning to play again for the Golden Eagles team in Sendai, Japan for the 2015 season, depending on how he recovered from his injury. (Hereinafter, the "**2015 Season Proposal**".) After he left Japan, most of my communications about the 2015 Season Proposal were with Mr. Lutz's agents, MVP Sports Group located in Los Angeles, California,

5. I am the only Rakuten Baseball, Inc. employee who directly communicated with Mr. Lutz after he left Japan in September 2014. Between September 23, 2014 and January 1, 2015, I exchanged a handful of e-mails or text messages with Mr. Lutz concerning having him return to Japan to play for the Golden Eagles for the 2015 season if he fully recovered from his injury. The communications included purely social topics, such as Thanksgiving and New Year's wishes. Most concerned updates about Mr. Lutz's surgery, prognosis, and rehabilitation exercises. Because Mr. Lutz received surgery and treatment in New York at various times after he left Japan, and might otherwise have traveled outside Pennsylvania during that time period, I never actually knew at any time that I was communicating with him whether he was in Pennsylvania, or Las Vegas, or elsewhere at the time of our communications. I directed no communications to Mr. Lutz and received no communications from him actually knowing that he was in Pennsylvania at the time of such communications.

6. I never traveled to Pennsylvania in connection with the 2015 Season Proposal. I am informed that during the jurisdictional discovery phase of this case, Mr. Lutz's counsel suggested that I had visited Pennsylvania during November or December 2014 for business purposes. I did not. The following is my travel schedule during that time period:

    a. <u>November 21, 2014</u>: Flew from Tokyo, Japan to New York, New York, and then transferred to a flight to Santo Domingo in the Dominican Republic, where I stayed until November 23.

      b.     <u>November 23, 2014</u>:  Left the Dominican Republic and returned to New York, New York, where I stayed until December 4.

      c.     <u>December 4, 2014</u>:  Left New York and flew to Phoenix, Arizona, where I stayed until December 6.

      d.     <u>December 6, 2014</u>:  Left Phoenix, Arizona and flew to San Diego, California, where I stayed until December 10.

      e.     <u>December 10, 2014</u>:  Left San Diego, California and flew to New York, New York, from where he continued on to Santo Domingo in the Dominican Republic, where I stayed until December 16.

      f.     <u>December 16, 2014</u>:  Left the Dominican Republic and flew to Miami, Florida, where I transferred to a flight back home to Japan.

      g.     <u>December 17, 2014</u>:  Arrived back in Japan.

I never visited Pennsylvania.

7.    I am informed that during the jurisdictional discovery phase of this case, Mr. Lutz's counsel also suggested that Rakuten Baseball, Inc. had communications with professional baseball player Gaby Sanchez in Pennsylvania.  I was involved in hiring Mr. Sanchez.  No communications took place in Pennsylvania.  All of Rakuten Baseball, Inc.'s communications concerning Mr. Sanchez were with Mr. Sanchez's agents, Beverly Hills Sports Council, located in Santa Monica, California.  Those agents informed Rakuten Baseball, Inc. that Mr. Sanchez was living in Miami, Florida at the time.  There was no connection to Pennsylvania.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on January 22, 2019, at Sendai, Japan.

                                        _____
                                        AKIHITO SASAKI

## **CERTIFICATE OF SERVICE**

I, Valerie E. Alter, hereby certify that on the 25th day of January 2019, the foregoing document was filed electronically, is available for viewing and downloading from the CM/ECF System, and has been served via the Court's electronic filing service on all counsel of record.

*/s/ Valerie E. Alter*
*Counsel for Defendants Rakuten, Inc.*
*and Rakuten baseball, Inc.*