# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ZACHARY LUTZ,

        Plaintiff,

    v.

RAKUTEN, INC., RAKUTEN BASEBALL, INC. and HIROSHI MIKITANI,

        Defendants.

Civil Action No. 17-03895

**DECLARATION OF KENT R. RAYGOR SUBMITTED ON BEHALF OF RAKUTEN, INC. AND RAKUTEN BASEBALL, INC. IN SUPPORT OF THEIR RENEWED MOTIONS TO DISMISS**

[ELECTRONICALLY FILED]

## DECLARATION OF KENT R. RAYGOR SUBMITTED ON BEHALF OF

## DEFENDANTS RAKUTEN, INC. AND  RAKUTEN BASEBALL, INC.

I, Kent R. Raygor, declare as follows:

1.      I am a partner with the law firm of Sheppard Mullin Richter & Hampton LLP, attorneys of record for defendants Rakuten, Inc. and Rakuten Baseball, Inc. in this action.  I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify thereto.

2.      I submit this declaration in support of Rakuten, Inc.'s and Rakuten Baseball, Inc.'s *Renewed Motions To: (1) Dismiss For Lack Of Personal Jurisdiction Under Rule 12(b)(2); and (2) Dismiss For Failure To State A Claim Under Rule 12(b)(6).*

3.       Attached hereto as **EXHIBIT A** is a true and correct copy of *Rakuten Baseball, Inc.'s Supplemental And Amended Response To Plaintiff's First Set Of Interrogatories On Jurisdiction* served on Plaintiff Zachary Lutz on December 26, 2018.

4.      Attached hereto as **EXHIBIT B** is a true and correct copy of *Rakuten, Inc.'s Supplemental And Amended Response To Plaintiff's First Set Of Interrogatories On Jurisdiction* served on Plaintiff Zachary Lutz on December 26, 2018.

5.      Attached hereto as **EXHIBIT C** is a true and correct copy of *Hiroshi Mikitani's Supplemental And Amended Response To Plaintiff's First Set Of Interrogatories On Jurisdiction* served on Plaintiff Zachary Lutz on December 26, 2018.

6.      During jurisdictional discovery in this action, the parties produced the following documents:

| PARTY | DATE | PRODUCTION NUMBERS |
|---|---|---|
| Defendant Rakuten Baseball, Inc. | October 18, 2018 | RBaseball 1-235 |
| Defendant Rakuten, Inc. | November 9, 2018 | RI 1-1222 |
| Defendant Rakuten, Inc. | December 26, 2018 | RI 1223-1326 |
| Plaintiff Zachary Lutz | October 25, 2018 | ZL 1-232 |
| Plaintiff Zachary Lutz | December 18, 2018 | ZL 233-375 |

7.     During jurisdictional discovery in this action, Defendants produced extensive substantive responses to the interrogatories served by Plaintiff Zachary Lutz.  *See* the amended responses attached hereto as **EXHIBITS A** (roughly 20 pages of substantive responses from Rakuten Baseball, Inc.), **B** (roughly 32 pages of substantive responses from Rakuten, Inc.), and **C** (roughly 7 pages of substantive responses from Hiroshi Mikitani).  Defendants also included therein information in response to other information informally requested by Plaintiff Zachary Lutz's counsel.  *See*, *e.g*., Rakuten Baseball, Inc.'s amended responses to Plaintiff's Interrogatory No. 6, at pages 16-17 (**EXHIBIT A** hereto), and Hiroshi Mikitani's amended responses to Plaintiff's Interrogatory No. 6, at page 7, second bolded paragraph (**EXHIBIT C** hereto).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 25, 2019, at Los Angeles, California.

_____
KENT R. RAYGOR

489181795.1

-3-

**EXHIBIT A TO DECLARATION OF KENT R. RAYGOR**

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ZACHARY LUTZ,

        Plaintiff,

    v.

RAKUTEN, INC., RAKUTEN BASEBALL,
INC. and HIROSHI MIKITANI,

        Defendants.

Civil Action No. 17-03895

**RAKUTEN BASEBALL, INC.'S *SUPPLEMENTAL AND AMENDED* RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES ON JURISDICTION**

[Interrogatory Nos. 1-13]

Defendant Rakuten Baseball, Inc. hereby provides supplemental and amended responses to *Plaintiff's First Set of Interrogatories on Jurisdiction* as follows:

## OBJECTIONS TO PLAINTIFF'S SPECIAL DEFINITION

Rakuten Baseball, Inc. objects to Plaintiff Zachary Lutz's special definition for "Defendants" as it treats the three named defendants as one collective and indistinguishable entity, rendering the definition vague and ambiguous.  Rakuten, Inc., Rakuten Baseball, Inc., and Hiroshi Mikitani are separate entities/individuals, each of which or whom observes corporate formalities.  Plaintiff Zachary Lutz's special definition compounds the problem by (a) including in the definition the phrase "all of their respective employees, agents and representatives and anyone acting or purporting to act on their behalf", and (b) failing to identify who is the "their" to which Plaintiff Zachary Lutz is referring.  Plaintiff Zachary Lutz's special definition further compounds the problem in that Rakuten Baseball, Inc. does not understand what Plaintiff Zachary Lutz intends by including in the definition the phrase "'Defendants' means individually, jointly or collectively Rakuten, Inc., Rakuten Baseball, Inc. and Hiroshi Mikitani", particularly when it goes on to state that (a) for Rakuten, Inc. "it shall also include all of its wholly owned subsidiaries", and (b) for all three, goes on to state "It shall also include all of their respective employees, agents and representatives and anyone acting or purporting to act on their behalf" as Rakuten Baseball, Inc. does not know who might be "purporting to act" on its, Mr. Mikitani's, and Rakuten, Inc.'s behalf or that of their wholly owned subsidiaries, or on behalf of all of their respective employees, agents and representatives.  Thus, Rakuten Baseball, Inc. will treat the term "Defendants" as if it is defined to mean only named defendant Rakuten Baseball, Inc., and will respond individually and only for itself.

## INCORPORATED OBJECTIONS

For the purpose of preserving objections and avoiding any arguable waiver, Rakuten Baseball, Inc. objects to each of the interrogatories below to the extent it:  (a) seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case; or (b) exceeds the scope of permissible jurisdictional discovery allowed by the Court's September 11 and November 29, 2018 *Orders* [ECF Docket Nos. 23 and 35], for example by using jurisdictional discovery as a vehicle to get into the underlying merits.  *See Marchionda v. Embassy Suites, Inc*., 122 F. Supp. 3d 208, 211 (D.N.J. 2015) (jurisdictional discovery is limited and "should not . . . serve as 'a fishing expedition' into the underlying merits" ) (*quoting LaSala v. Marfin Popular Bank Public Co., Ltd*., 410 F. Appx. 474, 478 (3d Cir. 2011)); *Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) ("A plaintiff may not . . . undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery.").

## RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1:

"Describe in detail the nature, scope and purpose of the ''[*sic*] Rakuten Ecosystem' as that term is used on Defendant's [*sic*] websites (*e.g*., https://rakutenmarketing.com, reproduced on page 11 of Plaintiff's Memorandum of Law in Opposition to Defendants' Motions to Dismiss Plaintiff's Complaint or to Stay Proceedings {[*sic*]Doc. 16])."

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 1:**

Rakuten Baseball, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above. Without waiver or limitation of the foregoing, Rakuten Baseball, Inc. responds as follows:

**Rakuten Baseball, Inc. is a Japanese corporation headquartered at 2-11-6 Miyagino, Miyagino-ku, Sendai, Miyagi 983-0045, Japan. It does not have, and has never had, any offices, employees, or operations in the United States.**

**Rakuten Marketing LLC is a Delaware corporation with its headquarters in New York, New York.**

**Rakuten Baseball, Inc.'s website (https://www.rakuteneagles.jp/) does not use the phrase "Rakuten Ecosystem" or the word "ecosystem". In a telephone conference conducted on October 26, 2018 by Plaintiff Zachary Lutz's counsel, Kenneth A. Jacobsen, with Rakuten Baseball, Inc.'s counsel, Joseph E. Wolfson and Kent R. Raygor, Mr. Jacobsen admitted that Rakuten Baseball, Inc.'s website does not use the word "ecosystem".**

**As to Plaintiff Zachary Lutz's reference to material on page 11 of his** *Memorandum of Law in Opposition to Defendants' Motions to Dismiss Plaintiff's Complaint or to Stay Proceedings* **[ECF Docket No. 16], Rakuten Baseball, Inc. does not own or operate Rakuten Marketing LLC's website (https://rakutenmarketing.com) and is unaware of what Rakuten Marketing LLC or any other entity affiliated with Rakuten Inc. might have meant or**

**intended by statements included on a website owned and operated by such entity.**

## INTERROGATORY NO. 2:

"Describe in detail Rakuten Marketing's business activities in Pennsylvania."

## SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 2:

Rakuten Baseball, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten Baseball, Inc. responds as follows:

**Rakuten Baseball, Inc. is a Japanese corporation headquartered at 2-11-6 Miyagino, Miyagino-ku, Sendai, Miyagi 983-0045, Japan.  It does not have, and has never had, any offices, employees, or operations in the United States.**

**Rakuten Marketing LLC is a Delaware corporation with its headquarters in New York, New York.**

**Rakuten Baseball, Inc. (a) does not have any input into or involvement in Rakuten Marketing LLC's business, and (b) is not aware of any business activities that Rakuten Marketing LLC has or might have in Pennsylvania.**

**INTERROGATORY NO. 3:**

"Describe in detail how Rakuten Marketing achieved a 'legacy of empowerment through its relationship with Rakuten, Inc.' (https://rakutenmarketing.com) including, but not limited to, how Rakuten, Inc. contributed to that 'empowerment.'"

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 3:**

Rakuten Baseball, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten Baseball, Inc. responds as follows:

**Rakuten Baseball, Inc. is a Japanese corporation headquartered at 2-11-6 Miyagino, Miyagino-ku, Sendai, Miyagi 983-0045, Japan.  It does not have, and has never had, any offices, employees, or operations in the United States.**

**Rakuten Marketing LLC is a Delaware corporation with its headquarters in New York, New York.**

**Rakuten Baseball, Inc. (a) does not have any input into or involvement in Rakuten Marketing LLC's business, (b) is not aware of any business activities that Rakuten Marketing LLC has or might have in Pennsylvania, and (c) is not aware of what Rakuten Marketing LLC might have meant or intended by such language included in its website.**

**INTERROGATORY NO. 4:**

"Describe in detail how and to what extent Rakuten Marketing 'engage[s] and influence[s] consumers' in Pennsylvania. (https://rakutenmarketing.com)."

## SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 4:

Rakuten Baseball, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten Baseball, Inc. responds as follows:

**Rakuten Baseball, Inc. is a Japanese corporation headquartered at 2-11-6 Miyagino, Miyagino-ku, Sendai, Miyagi 983-0045, Japan.  It does not have, and has never had, any offices, employees, or operations in the United States.**

**Rakuten Marketing LLC is a Delaware corporation with its headquarters in New York, New York.**

**Plaintiff Zachary Lutz's Interrogatory No. 4 misrepresents Rakuten Marketing LLC's website.  Contrary to Plaintiff Zachary Lutz's assertion, Rakuten Marketing LLC's website does not state that Rakuten Marketing LLC engages and influences consumers in Pennsylvania.  All it states is:**

> **"Our [Rakuten Marketing LLC's] global presence allows us to engage and influence consumers worldwide."**

**Notwithstanding the foregoing, Rakuten Baseball, Inc. (a) does not have any input into or involvement in Rakuten Marketing LLC's business, (b) is not aware of any business activities that Rakuten Marketing LLC has or might have in Pennsylvania, and (c) is not aware of what Rakuten Marketing LLC might have meant or intended by such language included in its website.**

**INTERROGATORY NO. 5:**

"Describe in detail how the 'Rakuten Ecosystem,' or any part of it, functions or operates in Pennsylvania."

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 5:**

Rakuten Baseball, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten Baseball, Inc. responds as follows:

**Rakuten Baseball, Inc. is a Japanese corporation headquartered at 2-11-6 Miyagino, Miyagino-ku, Sendai, Miyagi 983-0045, Japan.  It does not have, and has never had, any offices, employees, or operations in the United States.**

**As stated above in response to Plaintiff Zachary Lutz's Interrogatory No. 1, Rakuten Baseball, Inc.'s website (https://www.rakuteneagles.jp/) does not use the phrase "Rakuten Ecosystem" or the word "ecosystem".  In a telephone conference conducted on October 26, 2018 by Plaintiff Zachary Lutz's counsel, Kenneth A. Jacobsen, with Rakuten Baseball, Inc.'s counsel, Joseph E. Wolfson and Kent R. Raygor, Mr. Jacobsen admitted that Rakuten Baseball, Inc.'s website does not use the word "ecosystem".**

**Rakuten Baseball, Inc. does not use the phrase "Rakuten Ecosystem" or the word "ecosystem" in Pennsylvania or anywhere else.  To the best of its understanding, the "ecosystem" is (a) merely the name for a concept describing how numerous members of a large corporate family are organized under a holding company parent and then might share brands,**

**communications, data, and interactions with each other and with consumers, (b) primarily focused on e-commerce interactions in Japan, and (c) not a tangible, or even intangible, thing that is capable of "functioning" or "operating" in Pennsylvania, or in any other limited geographic location for that matter.**

## INTERROGATORY NO. 6:

"Describe in detail, separately for each company or subsidiary, all of Defendants' business activities in Pennsylvania from January 1, 2014 to the present."

## SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 6:

Rakuten Baseball, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above. Without waiver or limitation of the foregoing, Rakuten Baseball, Inc. responds as follows:

**Rakuten Baseball, Inc. is a Japanese corporation headquartered at 2-11-6 Miyagino, Miyagino-ku, Sendai, Miyagi 983-0045, Japan. It does not have, and has never had, any offices, employees, or operations in the United States.**

**Rakuten Baseball, Inc.:**

> **(a) has never conducted or operated any business in Pennsylvania;**

> **(b) has never been licensed to conduct business in Pennsylvania;**

(c)     **has never had an agent for service of process in Pennsylvania;**

(d)     **has never collected or paid sales, property or any other taxes in Pennsylvania;**

(e)     **has never been regulated by the laws or regulations of Pennsylvania;**

(f)     **with the exception of this lawsuit, has never been involved in any lawsuit in Pennsylvania;**

(g)     **has never owned or leased any offices or other real property in Pennsylvania;**

(h)     **has never had any assets located in Pennsylvania;**

(i)     **has never maintained corporate records in Pennsylvania;**

(j)     **has never had any bank accounts in Pennsylvania;**

(k)     **has never had any employees or officers in Pennsylvania;**

(l)     **has never held any director or shareholder meetings in Pennsylvania; and**

(m)     **has never had companies or subsidiaries conducting business activities in Pennsylvania on its behalf.**

**Rakuten Baseball, Inc. is not a division of Rakuten, Inc.  While it is a direct, wholly owned subsidiary of Rakuten Baseball, Inc., it is a separate entity and operates as such.  Rakuten, Inc. has no operational oversight**

concerning Rakuten Baseball, Inc.'s operations, business, or negotiations with its baseball team players. Rakuten, Inc. does not get involved in Rakuten Baseball, Inc.'s negotiations with baseball team players, and had no involvement in any of the negotiations with Plaintiff Zachary Lutz.

Rakuten, Inc. and Rakuten Baseball, Inc. are separate entities and maintain separate corporate formalities. Each (a) holds its own shareholder meetings and board meetings, (b) maintains its own minutes, (c) files its own corporate records, (d) maintains its own separate bank accounts and offices, and (e) has adequate capital for its separate operations. Rakuten, Inc. does not pay taxes on behalf of Rakuten Baseball, Inc.

Hiroshi Mikitani is the CEO and Chairman of Rakuten, Inc. Contrary to the allegations made by Plaintiff Zachary Lutz, Mr. Mikitani does not own the Tohoku Rakuten Golden Eagles baseball team, does not operate Rakuten Baseball, Inc., does not operate the Tohoku Rakuten Golden Eagles baseball team, and had no involvement in any of the negotiations with Plaintiff Zachary Lutz.

Because Rakuten Baseball, Inc. is a direct, wholly owned subsidiary of Rakuten, Inc., Mr. Mikitani is on Rakuten Baseball, Inc.'s board and as a result holds a Rakuten Baseball, Inc. title—"Executive Director, Chairman, and Owner". "Owner" as used in that title, however, does not mean that Mr. Mikitani owns Rakuten Baseball, Inc. or its Tohoku Rakuten Golden Eagles baseball team. "Owner" has a different meaning in Japan than it would in the United States. In Japan, it does not refer to actual ownership. Instead, it

-11-

merely refers to Mr. Mikitani's status as a team representative by virtue of the fact that Rakuten, Inc. is the parent of Rakuten Baseball, Inc.  The constitution of Japan's professional baseball league, Nippon Professional Baseball, defines "owner" as someone who represents the company that owns or controls the baseball team, and who also is an executive of the company operating the team.  As the parent company of Rakuten Baseball, Inc., Rakuten, Inc. owns all the shares of Rakuten Baseball, Inc.

As a Rakuten Baseball, Inc. board member, Mr. Mikitani is not involved in the day-to-day operations of Rakuten Baseball, Inc. or its baseball team, nor in negotiations for baseball players to play on the team. His role at Rakuten Baseball, Inc. is limited to:  (a) attending Owners Meetings held by Nippon Professional Baseball, Japan's professional baseball league; (b) attending Rakuten Baseball, Inc.'s board meeting once a quarter; and (c) overseeing governance of Rakuten Baseball, Inc. as the CEO and Chairman of Rakuten, Inc.

Mr. Mikitani (a) does not use Rakuten Baseball, Inc. to shelter any personal assets, (b) does not commingle his personal funds with those of Rakuten Baseball, Inc., (c) does not take funds for his own use from Rakuten Baseball, Inc., and (d) does not operate Rakuten Baseball, Inc. with his personal funds.  Rakuten Baseball, Inc. was not formed to shield Mr. Mikitani from any liability.  Rakuten Baseball, Inc. has consistently turned a profit and has never been insolvent.  Rakuten Baseball, Inc. was

incorporated in good faith, observes all corporate formalities, and has been operating the Tohoku Rakuten Golden Eagles team continuously since 2005.

Hiroshi Abei is Rakuten Baseball, Inc.'s managing director for the Tohoku Rakuten Golden Eagles baseball team.  In e-mails dated December 19, 20 and 21, 2014 between Mr. Abei and Plaintiff Zachary Lutz's Los Angeles, California agent, Acey Kohrogi of MVP Sports Group, Mr. Abei stated that he needed to talk with Rakuten Baseball, Inc.'s "boss", "President", and "ownership" about the proposed 2015 season contract with Plaintiff Zachary Lutz.  All of those references were to Mr. Yozo Tachibana—Rakuten Baseball, Inc.'s CEO—and not to Mr. Mikitani. Rakuten Baseball, Inc.'s counsel, Kent R. Raygor and Joseph E. Wolfson, so informed Plaintiff Zachary Lutz's counsel, Kenneth A. Jacobsen, in a discovery conference conducted by the three of them on October 26, 2018.

Mr. Mikitani has never had any involvement in (a) the negotiations between Rakuten Baseball, Inc. and Plaintiff Zachary Lutz for him to play for the Tohoku Rakuten Golden Eagles baseball team for the 2014 season, (b) the discussions between Rakuten Baseball, Inc. and Plaintiff Zachary Lutz for him to play for the Tohoku Rakuten Golden Eagles baseball team for the 2015 season, or (c) the decision not to conclude a contract with Plaintiff Zachary Lutz for the 2015 season.  Mr. Mikitani was not consulted about any of those decisions and did not direct Rakuten Baseball, Inc. to do anything with or concerning Plaintiff Zachary Lutz at any time.

To the extent that what Plaintiff Zachary Lutz is seeking by this Interrogatory No. 6 is evidence of communications with Plaintiff Zachary Lutz while he might have been in Pennsylvania, Rakuten Baseball, Inc. does not actually know whether Plaintiff Zachary Lutz was in Pennsylvania at any time it communicated with him when he was not in Japan, and directed no communications to him and received no communications from him actually knowing that he was in Pennsylvania at the time of such communications.

As to communications concerning having Plaintiff Zachary Lutz play for the Tohoku Rakuten Golden Eagles professional baseball team for the 2014 season (not the season that is the subject of this action, but during which Plaintiff Zachary Lutz was injured), again Rakuten Baseball, Inc. directed no communications to him and received no communications from him actually knowing that he was in Pennsylvania at the time of such communications.  In fact, all of Rakuten Baseball, Inc.'s communications concerning Plaintiff Zachary Lutz until he arrived in Japan in June 2014 were with his agents (MVP Sports Group), who are located in Los Angeles, California.  Those agents informed Rakuten Baseball, Inc. that Plaintiff Zachary Lutz was living in Las Vegas, Nevada at the time, where he was playing for the Las Vegas 51s, a AAA (minor league) team in the Pacific Coast League.  Plaintiff Zachary Lutz arrived in Japan from Las Vegas, Nevada, as shown by the following ticket that Rakuten Baseball, Inc. purchased and delivered to Plaintiff Zachary Lutz's Los Angeles, California agents:

| | Amadeus Japan e-ITR |
|---|---|

### ELECTRONIC TICKET ITINERARY / RECEIPT

| | | | |
|---|---|---|---|
| NAME | LUTZ ZACHARY CRAIG | | |
| REFERENCE | 1A/7SF23V    UA/CGVZM6<br>NH/BXFD2L | TICKETING AIRLINE | UNITED AIRLINES |
| TICKETING DATE | 12JUN14 | TICKETING PLACE | 05600604 |
| TICKETING NUMBER | 016-7434499700-01 | FQTV | |

## ITINERARY

| DATE/TIME | CITY/AIRPORT | AIRLINE/FLIGHT/CLASS | STATUS | REMARKS |
|---|---|---|---|---|
| 13JUN (FRI) 0811<br>13JUN (FRI) 0956 | LAS VEGAS/MCCARRAN INTERNATIONAL (3)<br>SAN FRANCISCO/SAN FRANCISCO INTL (3) | UNITED AIRLINES<br>UA1122 05EN/P | OK | FB:PLWOZEJO/TZ21<br>BGG:2PC<br>NVB/NVA:13JUN//13JUN |
| 13JUN (FRI) 1325<br>14JUN (SAT) 1600 | SAN FRANCISCO/SAN FRANCISCO INTL (I)<br>TOKYO/NARITA INTL (1) | UNITED AIRLINES<br>UA853 10KN/P | OK | FB:PLWOZEJO/TZ21<br>BGG:2PC<br>NVB/NVA:13JUN//13JUN |
| 14JUN (SAT) 1855<br>14JUN (SAT) 2005 | TOKYO/NARITA INTL (1)<br>SENDAI/SENDAI | ALL NIPPON AIRWAYS<br>NH3235 01KN/F | OK | FB:FLNH<br>BGG:2PC<br>NVB/NVA://03JUL |
| 06SEP (SAT) 1600<br>06SEP (SAT) 0915 | TOKYO/NARITA INTL (1)<br>SAN FRANCISCO/SAN FRANCISCO INTL (I) | UNITED AIRLINES<br>UA838 08JN/P | OK | FB:PLWOZEJO/TZ21<br>BGG:2PC<br>NVB/NVA:06SEP//06SEP |
| 06SEP (SAT) 1052<br>06SEP (SAT) 1231 | SAN FRANCISCO/SAN FRANCISCO INTL (3)<br>LAS VEGAS/MCCARRAN INTERNATIONAL (3) | UNITED AIRLINES<br>UA1548 02EN/P | OK | FB:PLWOZEJO/TZ21<br>BGG:2PC<br>NVB/NVA:06SEP//06SEP |

FB: FARE BASIS / BGG: FREE BAGGAGE ALLOWANCE
NVB/NVA: NOT VALID BEFORE/AFTER

**The return portion of that ticket had Plaintiff Zachary Lutz returning to Las Vegas, Nevada on September 6, 2014. There was no connection to Pennsylvania.**

**Akihito Sasaki is a Japanese citizen and resident and Rakuten Baseball, Inc.'s Director of its Baseball Team Strategy Office. While Paragraph 11 of the November 30, 2017 declaration from Rakuten Baseball, Inc.'s CEO, Yozo Tachibana, submitted to the Court [ECF Docket No. 11-3] states "Mr. Sasaki was the only Rakuten Baseball, Inc. employee who communicated directly with Mr. Lutz while Mr. Lutz was in Pennsylvania", Mr. Sasaki had assumed Mr. Lutz was there but, in light of the fact that Mr.**

-15-

Lutz was receiving surgery and treatment in New York at various times after he returned from Japan and might otherwise have traveled outside Pennsylvania during that time period, does not actually know whether Plaintiff Zachary Lutz was in Pennsylvania or elsewhere at the time of any communications with him after he returned from Japan.

Following Rakuten Baseball, Inc.'s initial responses to this set of interrogatories, Plaintiff Zachary Lutz's counsel, Kenneth A. Jacobsen, informally asked Rakuten Baseball, Inc.'s counsel about travel that Mr. Sasaki did in the United States in November and December 2014, stating that he believed Mr. Sasaki might have been in Pennsylvania on those travels. Mr. Sasaki was not.

Mr. Sasaki did not visit Pennsylvania during either November or December 2014.  The following is Mr. Sasaki's travel schedule during that time period:

| | |
|---|---|
| November 21, 2014: | Flew from Tokyo, Japan to New York, New York, and then transferred to a flight to Santo Domingo, the Dominican Republic, where he stayed until November 23. |
| November 23, 2014: | Left the Dominican Republic and returned to New York, New York, where he stayed until December 4. |
| December 4, 2014: | Left New York and flew to Phoenix, Arizona, where he stayed until December 6. |
| December 6, 2014: | Left Phoenix, Arizona and flew to San Diego, California, where he stayed until December 10. |

| December 10, 2014: | **Left San Diego, California and flew to New York, New York, from where he continued on to Santo Domingo, the Dominican Republic, where he stayed until December 16.** |
|---|---|
| December 16, 2014: | **Left the Dominican Republic and flew to Miami, Florida, from where he transferred to a flight back home to Japan.** |
| December 17, 2014: | **Arrived back in Japan.** |

**Although not asked for by this Interrogatory No. 6, following Rakuten Baseball, Inc.'s initial responses to these interrogatories, Plaintiff Zachary Lutz's counsel, Kenneth A. Jacobsen, also informally asked Rakuten Baseball, Inc.'s counsel about any communications that Rakuten Baseball, Inc. might have had with professional baseball player Gaby Sanchez in Pennsylvania during late 2014.**

**Rakuten Baseball, Inc. had no communications with Mr. Sanchez in Pennsylvania. Rakuten Baseball, Inc. understands that Mr. Sanchez was living in Miami, Florida in late 2014. All of Rakuten Baseball, Inc.'s communications concerning Mr. Sanchez were with Mr. Sanchez's agents, who are located in Santa Monica, California. Those agents informed Rakuten Baseball, Inc. that Mr. Sanchez was living in Miami, Florida at the time. There was no connection to Pennsylvania.**

**Pursuant to Federal Rule of Civil Procedure 33(d), Rakuten Baseball, Inc. has produced copies of the documents constituting or reflecting the few communications it had with Plaintiff Zachary Lutz's Los Angeles, California agents or with Plaintiff Zachary Lutz, wherever he might have been,**

**concerning the possibility of him playing for the Tohoku Rakuten Golden**

**Eagles baseball team in Sendai, Japan for the 2015 season.**

## INTERROGATORY NO. 7:

"Describe in detail, separately for each company or subsidiary, all revenue generated by Defendants in Pennsylvania from January 1, 2014 to the present."

## SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 7:

Rakuten Baseball, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten Baseball, Inc. responds as follows:

**Rakuten Baseball, Inc. (a Japanese corporation) generated no**

**revenues in Pennsylvania from January 1, 2014 to the present.**

## INTERROGATORY NO. 8:

"Describe in detail, separately for each company or subsidiary, all taxes paid by Defendants in Pennsylvania from January 1, 2014 to the present."

## SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 8:

Rakuten Baseball, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten Baseball, Inc. responds as follows:

**Rakuten Baseball, Inc. (a Japanese corporation) paid no taxes in**

**Pennsylvania from January 1, 2014 to the present.**

**INTERROGATORY NO. 9:**

"Describe in detail, separately for each company or subsidiary, all taxes (including but not limited to sales tax) collected from Pennsylvania residents by Defendants from January 1, 2014 to the present."

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 9:**

Rakuten Baseball, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten Baseball, Inc. responds as follows:

**Rakuten Baseball, Inc. (a Japanese corporation) collected no taxes from Pennsylvania residents from January 1, 2014 to the present.**

**INTERROGATORY NO. 10:**

"Describe in detail, separately for each company or subsidiary, all advertising conducted by Defendants in Pennsylvania from January 1, 2014 to the present."

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 10:**

Rakuten Baseball, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten Baseball, Inc. responds as follows:

**Rakuten Baseball, Inc. (a Japanese corporation) did not purchase or place any advertisements in Pennsylvania from January 1, 2014 to the present.**

**INTERROGATORY NO. 11:**

"Describe in detail, separately for each company or subsidiary, how the financial results of that company or subsidiary from its business activities in Pennsylvania are reported on the financial statements of Defendant Rakuten, Inc."

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 11:**

Rakuten Baseball, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten Baseball, Inc. responds as follows:

**Rakuten Baseball, Inc. is a Japanese corporation headquartered at 2-11-6 Miyagino, Miyagino-ku, Sendai, Miyagi 983-0045, Japan.  It does not have, and has never had, any offices, employees, or operations in the United States.**

**Rakuten Baseball, Inc.:**

    **(a)**     **has never conducted or operated any business in Pennsylvania;**

    **(b)**     **has never been licensed to conduct business in Pennsylvania;**

    **(c)**     **has never had an agent for service of process in Pennsylvania;**

    **(d)**     **has never collected or paid sales, property or any other taxes in Pennsylvania;**

    **(e)**     **has never been regulated by the laws or regulations of Pennsylvania;**

(f)     with the exception of this lawsuit, has never been involved in any lawsuit in Pennsylvania;

(g)     has never owned or leased any offices or other real property in Pennsylvania;

(h)     has never had any assets located in Pennsylvania;

(i)     has never maintained corporate records in Pennsylvania;

(j)     has never had any bank accounts in Pennsylvania;

(k)     has never had any employees or officers in Pennsylvania;

(l)     has never held any director or shareholder meetings in Pennsylvania; and

(m)     has never had companies or subsidiaries conducting business activities in Pennsylvania on its behalf.

As a result, Rakuten Baseball, Inc. has no financial results from business activities in Pennsylvania that are reported on the financial statements of Rakuten, Inc. (a Japanese holding company), as there are no such activities.

**INTERROGATORY NO. 12:**

"Describe in detail how defendant Rakuten, Inc. benefits financially from the business activities of any of its subsidiaries in Pennsylvania."

**<u>SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 12</u>:**

Rakuten Baseball, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten Baseball, Inc. responds as follows:

**Rakuten Baseball, Inc. is a Japanese corporation headquartered at 2-11-6 Miyagino, Miyagino-ku, Sendai, Miyagi 983-0045, Japan.  It does not have, and has never had, any offices, employees, or operations in the United States.**

**Rakuten Baseball, Inc.:**

   **(a)    has never conducted or operated any business in Pennsylvania;**

   **(b)    has never been licensed to conduct business in Pennsylvania;**

   **(c)    has never had an agent for service of process in Pennsylvania;**

   **(d)    has never collected or paid sales, property or any other taxes in Pennsylvania;**

   **(e)    has never been regulated by the laws or regulations of Pennsylvania;**

   **(f)    with the exception of this lawsuit, has never been involved in any lawsuit in Pennsylvania;**

   **(g)    has never owned or leased any offices or other real property in Pennsylvania;**

     **(h)**     **has never had any assets located in Pennsylvania;**

     **(i)**     **has never maintained corporate records in Pennsylvania;**

     **(j)**     **has never had any bank accounts in Pennsylvania;**

     **(k)**     **has never had any employees or officers in Pennsylvania;**

     **(l)**     **has never held any director or shareholder meetings in Pennsylvania; and**

     **(m)**     **has never had companies or subsidiaries conducting business activities in Pennsylvania on its behalf.**

**As a result, Rakuten Baseball, Inc. is informed that Rakuten, Inc. (a Japanese holding company) does not benefit financially from any business activities of Rakuten Baseball, Inc. in Pennsylvania, as there are no such activities.**

## INTERROGATORY NO. 13:

"State specifically and in detail the annual and quarterly revenue reported by Defendant Rakuten, Inc. from the business activities of its subsidiaries in Pennsylvania from January 1, 2014 to the present."

## AMENDED RESPONSE TO INTERROGATORY NO. 13:

Rakuten Baseball, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten Baseball, Inc. responds as follows:

Rakuten Baseball, Inc. is a Japanese corporation headquartered at 2-11-6 Miyagino, Miyagino-ku, Sendai, Miyagi 983-0045, Japan.  It does not have, and has never had, any offices, employees, or operations in the United States.

Rakuten Baseball, Inc.:

(a)     has never conducted or operated any business in Pennsylvania;

(b)     has never been licensed to conduct business in Pennsylvania;

(c)     has never had an agent for service of process in Pennsylvania;

(d)     has never collected or paid sales, property or any other taxes in Pennsylvania;

(e)     has never been regulated by the laws or regulations of Pennsylvania;

(f)     with the exception of this lawsuit, has never been involved in any lawsuit in Pennsylvania;

(g)     has never owned or leased any offices or other real property in Pennsylvania;

(h)     has never had any assets located in Pennsylvania;

(i)     has never maintained corporate records in Pennsylvania;

(j)     has never had any bank accounts in Pennsylvania;

      **(k)**     **has never had any employees or officers in Pennsylvania;**

      **(l)**     **has never held any director or shareholder meetings in Pennsylvania; and**

      **(m)**     **has never had companies or subsidiaries conducting business activities in Pennsylvania on its behalf.**

**As a result, Rakuten Baseball, Inc. is informed that Rakuten, Inc. (a Japanese holding company) does not report, and has never reported, revenue from any business activities of Rakuten Baseball, Inc. in Pennsylvania from January 1, 2014 to the present, as there have been no such activities.**

Dated:  December 26, 2018

By        */s/ Kent R. Raygor*
              KENT R. RAYGOR

STEVENS & LEE PC
JOSEPH E. WOLFSON, Pa. Bar No. 44431
1818 Market Street, 29th Floor
Philadelphia, Pennsylvania  19103
Telephone:     (215) 575-0100
Facsimile:     (215) 851-0214
E-mail:       jwo@stevenslee.com

SHEPPARD MULLIN RICHTER & HAMPTON LLP
KENT R. RAYGOR, Cal. Bar No. 117224
VALERIE E. ALTER, Cal. Bar No. 239905
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6055
Telephone:     (310) 228-3700
Facsimile:     (310) 228-3701
E-mail:       kraygor@sheppardmullin.com
             valter@sheppardmullin.com
[Admitted *pro hac vice*]

*Counsel for Defendant Rakuten Baseball, Inc.*

488757250.1

-26-

## **VERIFICATION**

I, Yozo Tachibana, am authorized to make this verification for and on behalf of Rakuten Baseball, Inc.  I have read the answers (other than objections and statement of an election to produce pursuant to FEDERAL RULE OF CIVIL PROCEDURE 33(d)) provided in Rakuten Baseball, Inc.'s attached responses to Plaintiff Zachary Lutz's interrogatories on jurisdictional issues.  I am informed and believe and on that ground allege that the information provided in those answers is true.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 25, 2018 in Sendai, Japan.

_____
YOZO TACHIBANA

## <u>CERTIFICATE OF SERVICE</u>

I, Kent R. Raygor, hereby certify that on December 26, 2018, the foregoing document

was enclosed in a sealed envelope addressed to the following counsel of record for Plaintiff

Zachary Lutz and then served on Plaintiff Zachary Lutz by First Class United States mail,

postage prepaid, and addressed as follows:

> Kenneth A. Jacobsen, Esq.
> JACOBSEN LAW OFFICES LLC
> 210 West Rittenhouse Square, Suite 1705
> Philadelphia, Pennsylvania  19103

I also sent a courtesy copy to Mr. Jacobsen by e-mail on December 26, 2018.

*/s/ Kent R. Raygor*
KENT R. RAYGOR
*Counsel for Defendant Rakuten Baseball, Inc.*

**EXHIBIT B TO DECLARATION OF KENT R. RAYGOR**

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ZACHARY LUTZ,<br><br>       Plaintiff,<br><br>  v.<br><br>RAKUTEN, INC., RAKUTEN BASEBALL,<br>INC. and HIROSHI MIKITANI,<br><br>       Defendants. | Civil Action No. 17-03895 |

## RAKUTEN, INC.'S *SUPPLEMENTAL AND AMENDED* RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES ON JURISDICTION

[Interrogatory Nos. 1-13]

Defendant Rakuten, Inc. hereby provides supplemental and amended responses to *Plaintiff's First Set of Interrogatories on Jurisdiction* as follows:

## OBJECTIONS TO PLAINTIFF'S SPECIAL DEFINITION

Rakuten, Inc. objects to Plaintiff Zachary Lutz's special definition for "Defendants" as it treats the three named defendants as one collective and indistinguishable entity, rendering the definition vague and ambiguous.  Rakuten, Inc., Rakuten Baseball, Inc., and Hiroshi Mikitani are separate entities/individuals, each of which or whom observes corporate formalities.  Plaintiff Zachary Lutz's special definition compounds the problem by (a) including in the definition the phrase "all of their respective employees, agents and representatives and anyone acting or purporting to act on their behalf", and (b) failing to identify who is the "their" to which Plaintiff Zachary Lutz is referring.  Plaintiff Zachary Lutz's special definition further compounds the problem in that Rakuten, Inc. does not understand what Plaintiff Zachary Lutz intends by including in the definition the phrase "'Defendants' means individually, jointly or collectively Rakuten, Inc., Rakuten Baseball, Inc. and Hiroshi Mikitani", particularly when it goes on to state that (a) for Rakuten, Inc. "it shall also include all of its wholly owned subsidiaries", and (b) for all three, goes on to state "It shall also include all of their respective employees, agents and representatives and anyone acting or purporting to act on their behalf" as Rakuten, Inc. does not know who might be "purporting to act" on its, Mr. Mikitani's, and Rakuten Baseball, Inc.'s behalf or that of their wholly owned subsidiaries, or on behalf of all of their respective employees, agents and representatives.  Thus, Rakuten, Inc. will treat the term "Defendants" as if it is defined to mean only named defendant Rakuten, Inc., and will respond individually and only for itself.

## INCORPORATED OBJECTIONS

For the purpose of preserving objections and avoiding any arguable waiver, Rakuten, Inc. objects to each of the interrogatories below to the extent it:  (a) seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case; or (b) exceeds the scope of permissible jurisdictional discovery allowed by the Court's September 11 and November 29, 2018 *Orders* [ECF Docket Nos. 23 and 35], for example by using jurisdictional discovery as a vehicle to get into the underlying merits.  *See Marchionda v. Embassy Suites, Inc.*, 122 F. Supp. 3d 208, 211 (D.N.J. 2015) (jurisdictional discovery is limited and "should not . . . serve as 'a fishing expedition' into the underlying merits" ) (*quoting LaSala v. Marfin Popular Bank Public Co., Ltd.*, 410 F. Appx. 474, 478 (3d Cir. 2011)); *Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) ("A plaintiff may not . . . undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery.").

## RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1:

"Describe in detail the nature, scope and purpose of the ''[*sic*] Rakuten Ecosystem' as that term is used on Defendant's [*sic*] websites (*e.g.*, https://rakutenmarketing.com, reproduced on page 11 of Plaintiff's Memorandum of Law in Opposition to Defendants' Motions to Dismiss Plaintiff's Complaint or to Stay Proceedings {[*sic*]Doc. 16])."

## SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 1:

Rakuten, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten, Inc. responds as follows:

**Rakuten, Inc. is a Japanese corporation headquartered at 1-14-1 Tamagawa, Setagaya-ku, Tokyo 158-0094, Japan.  It does not have, and has never had, any offices, employees, operations, or business activities in Pennsylvania.**

**Rakuten, Inc. is a holding company that has, under its Japanese corporate umbrella, more than 70 businesses constituting its corporate family in approximately 30 countries and regions around the world.  Those businesses engage in a wide variety of e-commerce, digital content, communications, financial technology, sports, investment, incubation, energy, and other services.  The following provides further information about Rakuten, Inc.:**



*See* https://global.rakuten.com/corp/about/ **(accessed on December 20,**

**2018).**

# Our Philosophy

Rakuten Group's mission is to contribute to society by
creating value through innovation and entrepreneurship.

By providing high-quality services that help our users and partners grow,
we aim to advance and enrich society.

To fulfil our role as a Global Innovation Company,
we are committed to maximizing both corporate and shareholder value.

# Mission

## Contribute to society by creating value through innovation and entrepreneurship

Empowering people to realize their hopes and dreams,
Embracing new thinking,
Rakuten changes the world through innovation.

# Vision

## Global Innovation Company

At Rakuten, we drive disruptive innovation,
Engaging knowledge, creativity and passion from around the world
To achieve ambitious goals
And help build communities in which people can pursue their dreams and live in happiness.

# Values and Principles

## Rakuten Shugi (Rakuten Basic Principles)

As we work to realize the vision of the Rakuten Group, Rakuten employees are united by the common values and principles represented by Rakuten Shugi. Consisting of the Rakuten Group Code of Ethics, Eight Shared Worldwide Practices, Brand Concepts, Five Principles for Success and The Way to Work, Rakuten Shugi is the foundation of the Rakuten Group.

With Rakuten Shugi as a common foundation, we place high value on the entrepreneurial spirit that drives us to get things done. By working with local communities and nurturing a robust corporate culture enabling each member of our diverse team to perform at their best, the Rakuten Group is committed to boosting corporate value and contributing to progress in society.

## Careers

At the forefront of a rapidly evolving world, Rakuten Group is continually expanding its operations into new fields. We are looking for people who share our ambition to improve the way people live and drive progress in society through our revolutionary services.

*See* **https://global.rakuten.com/corp/about/philosophy/** (**accessed on December 20, 2018**).

In this case, Plaintiff Zachary Lutz appears to be arguing that there is some sort of "ecosystem" basis for finding general personal jurisdiction over Rakuten, Inc. in Pennsylvania.  Rakuten, Inc. is aware of no corporate "ecosystem" basis for general personal jurisdiction found anywhere in American jurisprudence.  In fact, such a broad basis for general jurisdiction has been rejected by the United States Supreme Court in *Daimler AG v. Bauman*, 571 U.S. 117 (2014).

While Rakuten, Inc. does describe a "Rakuten Ecosystem" on its website and in other communications, the "ecosystem" is nothing more than the name for a concept that is common across and describes virtually every

large organization with a holding company at the top and many members of a corporate "family" below, which then tries to integrate branding, internal communications, data, and interactions with each other and with consumers, across and among that corporate "family".  Rakuten's "ecosystem" concept is primarily focused on e-commerce interactions in Japan.

Many large corporations operate within such a "family" structure, including:

Johnson & Johnson:

(**https://www.sec.gov/Archives/edgar/data/200406/00011931251 2075565/d281803dex21.htm**—a holding company with hundreds of subsidiaries and affiliates)

The Proctor & Gamble Company:

(**https://www.sec.gov/Archives/edgar/data/80424/000119312510 188769/dex21.htm**—a holding company with hundreds of subsidiaries and affiliates)

Sony Corporation:

(**https://www.sony.net/SonyInfo/CorporateInfo/Subsidiaries/** and **https://www.sony.net/SonyInfo/CorporateInfo/Subsidiaries/out side.html**—a holding company with over 100 subsidiaries and affiliates)

Toyota Motor Corporation:

(**https://www.sec.gov/Archives/edgar/data/1094517/0001193125**

15232464/d877884d20f.htm—a holding company with

hundreds of subsidiaries and affiliates)

General Electric Company:

(https://www.sec.gov/Archives/edgar/data/40545/000119312511

047479/dex21.htm—a holding company with over 100

subsidiaries and affiliates)

General Motors Company:

(https://www.sec.gov/Archives/edgar/data/1467858/0001193125

10192195/dex211.htm—a holding company with hundreds of

subsidiaries and affiliates)

But the mere fact that all such subsidiaries and affiliates are part of one

overall corporate family and that they might share brands, communications,

data, and interactions with each other and with consumers does not make

each family member—or the corporate family's ultimate parent holding

company—subject to personal jurisdiction wherever any single family

member might be located or might have some contact with a jurisdiction,

absent some sort of alter ego allegation.  And here Plaintiff Zachary Lutz has

not pleaded any alter ego theory or produced any evidence that would

support such a theory.

 Attempts to argue such broad bases for general jurisdiction that

would allow a corporate parent to be haled into court based on the acts of a

subsidiary, such as Plaintiff Zachary Lutz is attempting to do here, have

been rejected.  *See*, *e.g*., *Daimler AG*, 571 U.S. 117, which stands for the

-8-

proposition that there cannot be personal jurisdiction over a parent based on

its subsidiaries' operations in the absence of a viable alter ego claim.  The

Supreme Court noted:

> "While plaintiffs ultimately persuaded the Ninth Circuit to
> impute MBUSA's California contacts to Daimler on an agency
> theory, at no point have they maintained that MBUSA is an
> alter ego of Daimler."

*Id.* at 134.  It further explained:

> "This Court has not yet addressed whether a foreign
> corporation may be subjected to a court's general jurisdiction
> based on the contacts of its in-state subsidiary.  Daimler
> argues, and several Courts of Appeals have held, that a
> subsidiary's jurisdictional contacts can be imputed to its
> parent only when the former is so dominated by the latter as to
> be its alter ego.  The Ninth Circuit adopted a less rigorous test
> based on what it described as an 'agency' relationship.
> Agencies, we note, come in many sizes and shapes:  'One may
> be an agent for some business purposes and not others so that
> the fact that one may be an agent for one purpose does not
> make him or her an agent for every purpose.'  2A C. J. S.,
> Agency §43, p. 367 (2013) (footnote omitted).  A subsidiary, for
> example, might be its parent's agent for claims arising in the
> place where the subsidiary operates, yet not its agent regarding
> claims arising elsewhere.  The Court of Appeals did not advert
> to that prospect.  But we need not pass judgment on invocation
> of an agency theory in the context of general jurisdiction, for in
> no event can the appeals court's analysis be sustained."

*Id.* at 134-35.  The Supreme Court then refused to find general jurisdiction

because:

> "Even if we were to assume that MBUSA is at home in
> California, and further to assume MBUSA's contacts are
> imputable to Daimler, there would still be no basis to subject
> Daimler to general jurisdiction in California, for Daimler's
> slim contacts with the State hardly render it at home there."

*Id.* at 136.  For the same reasons, Rakuten, Inc. (a Japanese corporation and

holding company) is not "at home" in Pennsylvania and therefore is not

subject to personal jurisdiction in Pennsylvania for the claims asserted by Plaintiff Zachary Lutz in this action.

Rakuten, Inc.'s "ecosystem" concept is not a tangible, or even intangible, thing that is capable of "functioning" or "operating" in Pennsylvania, or in any other limited geographic location for that matter. It is not a concept that is specifically focused on or targeted at Pennsylvania or Pennsylvania residents. It is merely the name for a concept describing how numerous members of a large corporate family are organized under a holding company parent and then might share brands, communications, data, and interactions with each other and with consumers, and is a concept that is primarily focused on e-commerce interactions in Japan. It has nothing to do with (a) baseball, (b) Rakuten Baseball, Inc., or (c) Rakuten Baseball, Inc.'s negotiations with players or prospective players for Rakuten Baseball, Inc.'s Tohoku Rakuten Golden Eagles professional baseball team in Sendai, Japan.

The following is one example of a statement on Rakuten, Inc.'s website describing such an "ecosystem":



-10-

> Rakuten Group's broad range of online and off-line services includes e-commerce, travel, FinTech, digital contents and communications, as well as credit cards, banking, securities, insurance, electronic money and even professional sports. By linking these many diverse services through a common membership and loyalty program, we have created a unique Rakuten Ecosystem.
>
> By using these services – whether shopping, streaming content, banking, or other – members can earn Rakuten Super Points, which can then be used to enjoy other services. As it enables and encourages user engagement across multiple platforms and services, the Rakuten Ecosystem is a unique strength that minimizes customer acquisition costs and maximizes the lifetime value of each Rakuten member to the Group and drives growth of gross transaction value (GTV). Close to 95 million registered members based in Japan can now easily access services across the Ecosystem using a single Rakuten member ID. We look forward to expanding the Ecosystem to encompass all of our more than 1.2 billion global users.

*See* **https://global.rakuten.com/corp/about/index.html#strengths** (**accessed on December 20, 2018**).  As noted in the last two sentences of that text, access to services across the Rakuten "ecosystem" is primarily focused on people located in Japan.  Such access has not yet been significantly implemented outside Japan, including in the United States.

As to Plaintiff Zachary Lutz's reference to material on page 11 of his *Memorandum of Law in Opposition to Defendants' Motions to Dismiss Plaintiff's Complaint or to Stay Proceedings* [ECF Docket No. 16], Rakuten, Inc. does not own or operate Rakuten Marketing LLC's website (**https://rakutenmarketing.com**) and is unaware of what Rakuten Marketing LLC or any other entity affiliated with Rakuten Inc. might have meant or intended by statements included on a website owned and operated by such entity.

Rakuten, Inc. has already produced numerous documents pursuant to Federal Rule of Civil Procedure 33(d) that explain how it views this corporate family "ecosystem" concept.  Those documents, totaling 126 pages of "ecosystem"-related documents, are publicly available to Plaintiff Zachary

**Lutz as well as to anyone else with Internet access.  Along with that production, Rakuten, Inc. also gave Plaintiff Zachary Lutz a key to how to find many more such documents, all of which likewise are publicly and equally available to Plaintiff Zachary Lutz, using an advanced Google search (*e.g.*, "rakuten ecosystem" + "site:global.rakuten.com/corp/").  Plaintiff Zachary Lutz can use that search template to find "rakuten ecosystem" or "ecosystem" appearing on any website he wants to search.**

**Notwithstanding the foregoing, Rakuten, Inc. will produce additional examples of documents pursuant to Federal Rule of Civil Procedure 33(d) that will explain how it views this corporate family "ecosystem" concept.**

<u>**INTERROGATORY NO. 2**</u>**:**

"Describe in detail Rakuten Marketing's business activities in Pennsylvania."

<u>**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 2**</u>**:**

Rakuten, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten, Inc. responds as follows:

**Rakuten, Inc. is a Japanese corporation headquartered at 1-14-1 Tamagawa, Setagaya-ku, Tokyo 158-0094, Japan.  It does not have, and has never had, any offices, employees, operations, or business activities in Pennsylvania.**

**Rakuten Marketing LLC is a Delaware limited liability company with its headquarters in New York, New York.  Rakuten, Inc. is informed that**

>Rakuten Marketing LLC has no offices or employees working in
>Pennsylvania.  Rakuten, Inc. is not aware of any business activities that
>Rakuten Marketing LLC has in Pennsylvania.

**INTERROGATORY NO. 3:**

"Describe in detail how Rakuten Marketing achieved a 'legacy of empowerment through its relationship with Rakuten, Inc.' (https://rakutenmarketing.com) including, but not limited to, how Rakuten, Inc. contributed to that 'empowerment.'"

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 3:**

Rakuten, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten, Inc. responds as follows:

>Rakuten, Inc. is a Japanese corporation headquartered at 1-14-1
>Tamagawa, Setagaya-ku, Tokyo 158-0094, Japan.  It does not have, and has
>never had, any offices, employees, operations, or business activities in
>Pennsylvania.

>Rakuten Marketing LLC is a Delaware limited liability company with
>its headquarters in New York, New York.  Rakuten, Inc. is informed that
>Rakuten Marketing LLC has no offices or employees working in
>Pennsylvania.  Rakuten, Inc. is not aware of any business activities that
>Rakuten Marketing LLC has in Pennsylvania.

>Plaintiff Zachary Lutz misstates what the <rakutenmarketing.com>
>website states.  The actual statement on the referenced website does not say

-13-

**"achieved", and instead says "built on", and then itself explains what that means:**

Rakuten Marketing is built on a legacy of empowerment through its relationship with Rakuten, Inc.

We leverage the power of Rakuten ecosystem data to identify audiences, optimize media buying, personalize ad experiences and maximize incremental revenue for our clients. Our global presence allows us to engage and influence consumers worldwide.

**Rakuten, Inc. is not aware of what Rakuten Marketing LLC might have meant or intended by such language included in its website, other than what the referenced website itself states, and is not aware of anything done by Rakuten Marketing LLC that is directed at Pennsylvania.**

## INTERROGATORY NO. 4:

"Describe in detail how and to what extent Rakuten Marketing 'engage[s] and influence[s] consumers' in Pennsylvania. (https://rakutenmarketing.com)."

## SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 4:

Rakuten, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten, Inc. responds as follows:

**Rakuten, Inc. is a Japanese corporation headquartered at 1-14-1 Tamagawa, Setagaya-ku, Tokyo 158-0094, Japan.  It does not have, and has never had, any offices, employees, operations, or business activities in Pennsylvania.**

-14-

Rakuten Marketing LLC is a Delaware limited liability company with its headquarters in New York, New York.  Rakuten, Inc. is informed that Rakuten Marketing LLC has no offices or employees working in Pennsylvania.  Rakuten, Inc. is not aware of any business activities that Rakuten Marketing LLC has in Pennsylvania.

Plaintiff Zachary Lutz's Interrogatory No. 4 misrepresents Rakuten Marketing LLC's website.  Contrary to Plaintiff Zachary Lutz's assertion, Rakuten Marketing LLC's website does not state that Rakuten Marketing LLC engages and influences consumers in Pennsylvania.  All it states is:

> "Our [Rakuten Marketing LLC's] global presence allows us to engage and influence consumers worldwide."

Rakuten Marketing LLC's website then goes on to explain what that means:

> Integrated marketing solutions engage and influence consumers, empowering marketers for success.

Rakuten, Inc. is not aware of what Rakuten Marketing LLC might have meant or intended by such language included in its website, other than what the referenced website itself states, and is not aware of anything done by Rakuten Marketing LLC that is directed at Pennsylvania.

**INTERROGATORY NO. 5:**

"Describe in detail how the 'Rakuten Ecosystem,' or any part of it, functions or operates in Pennsylvania."

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 5:**

Rakuten, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten, Inc. responds as follows:

**Rakuten, Inc. is a Japanese corporation headquartered at 1-14-1 Tamagawa, Setagaya-ku, Tokyo 158-0094, Japan.  It does not have, and has never had, any offices, employees, operations, or business activities in Pennsylvania.**

**Rakuten, Inc. is a holding company that has, under its Japanese corporate umbrella, more than 70 businesses constituting its corporate family in approximately 30 countries and regions around the world.  Those businesses engage in a wide variety of e-commerce, digital content, communications, financial technology, sports, investment, incubation, energy, and other services.  The following provides further information about Rakuten, Inc.:**



*See* **https://global.rakuten.com/corp/about/ (accessed on December 20, 2018).**

## Our Philosophy

Rakuten Group's mission is to contribute to society by
creating value through innovation and entrepreneurship.

By providing high-quality services that help our users and partners grow,
we aim to advance and enrich society.

To fulfil our role as a Global Innovation Company,
we are committed to maximizing both corporate and shareholder value.

## Mission

## Contribute to society by creating value through innovation and entrepreneurship

Empowering people to realize their hopes and dreams,
Embracing new thinking,
Rakuten changes the world through innovation.

## Vision

## Global Innovation Company

At Rakuten, we drive disruptive innovation,
Engaging knowledge, creativity and passion from around the world
To achieve ambitious goals
And help build communities in which people can pursue their dreams and live in happiness.

## Values and Principles

### Rakuten Shugi (Rakuten Basic Principles)

As we work to realize the vision of the Rakuten Group, Rakuten employees are united by the common values and principles represented by Rakuten Shugi. Consisting of the Rakuten Group Code of Ethics, Eight Shared Worldwide Practices, Brand Concepts, Five Principles for Success and The Way to Work, Rakuten Shugi is the foundation of the Rakuten Group.

With Rakuten Shugi as a common foundation, we place high value on the entrepreneurial spirit that drives us to get things done. By working with local communities and nurturing a robust corporate culture enabling each member of our diverse team to perform at their best, the Rakuten Group is committed to boosting corporate value and contributing to progress in society.

## Careers

At the forefront of a rapidly evolving world, Rakuten Group is continually expanding its operations into new fields. We are looking for people who share our ambition to improve the way people live and drive progress in society through our revolutionary services.

*See* **https://global.rakuten.com/corp/about/philosophy/** (**accessed on December 20, 2018**).

In this case, Plaintiff Zachary Lutz appears to be arguing that there is some sort of "ecosystem" basis for finding general personal jurisdiction over Rakuten, Inc. in Pennsylvania.  Rakuten, Inc. is aware of no corporate "ecosystem" basis for general personal jurisdiction found anywhere in American jurisprudence.  In fact, such a broad basis for general jurisdiction has been rejected by the United States Supreme Court in *Daimler AG v. Bauman*, 571 U.S. 117 (2014).

While Rakuten, Inc. does describe a "Rakuten Ecosystem" on its website and in other communications, the "ecosystem" is nothing more than the name for a concept that is common across and describes virtually every

-18-

large organization with a holding company at the top and many members of a corporate "family" below, which then tries to integrate branding, internal communications, data, and interactions with each other and with consumers, across and among that corporate "family".  Rakuten's "ecosystem" concept is primarily focused on e-commerce interactions in Japan.

Many large corporations operate within such a "family" structure, including:

Johnson & Johnson:

(**https://www.sec.gov/Archives/edgar/data/200406/00011931251 2075565/d281803dex21.htm**—a holding company with hundreds of subsidiaries and affiliates)

The Proctor & Gamble Company:

(**https://www.sec.gov/Archives/edgar/data/80424/000119312510 188769/dex21.htm**—a holding company with hundreds of subsidiaries and affiliates)

Sony Corporation:

(**https://www.sony.net/SonyInfo/CorporateInfo/Subsidiaries/** and

**https://www.sony.net/SonyInfo/CorporateInfo/Subsidiaries/out side.html**—a holding company with over 100 subsidiaries and affiliates)

Toyota Motor Corporation:

(**https://www.sec.gov/Archives/edgar/data/1094517/0001193125**

-19-

15232464/d877884d20f.htm—a holding company with

hundreds of subsidiaries and affiliates)

General Electric Company:

(https://www.sec.gov/Archives/edgar/data/40545/000119312511

047479/dex21.htm—a holding company with over 100

subsidiaries and affiliates)

General Motors Company:

(https://www.sec.gov/Archives/edgar/data/1467858/0001193125

10192195/dex211.htm—a holding company with hundreds of

subsidiaries and affiliates)

But the mere fact that all such subsidiaries and affiliates are part of one

overall corporate family and that they might share brands, communications,

data, and interactions with each other and with consumers does not make

each family member—or the corporate family's ultimate parent holding

company—subject to personal jurisdiction wherever any single family

member might be located or might have some contact with a jurisdiction,

absent some sort of alter ego allegation.  And here Plaintiff Zachary Lutz has

not pleaded any alter ego theory or produced any evidence that would

support such a theory.

Attempts to argue such broad bases for general jurisdiction that

would allow a corporate parent to be haled into court based on the acts of a

subsidiary, such as Plaintiff Zachary Lutz is attempting to do here, have

been rejected.  *See*, *e.g.*, *Daimler AG*, 571 U.S. 117, which stands for the

proposition that there cannot be personal jurisdiction over a parent based on

its subsidiaries' operations in the absence of a viable alter ego claim.  The

Supreme Court noted:

> "While plaintiffs ultimately persuaded the Ninth Circuit to
> impute MBUSA's California contacts to Daimler on an agency
> theory, at no point have they maintained that MBUSA is an
> alter ego of Daimler."

*Id.* at 134.  It further explained:

> "This Court has not yet addressed whether a foreign
> corporation may be subjected to a court's general jurisdiction
> based on the contacts of its in-state subsidiary.  Daimler
> argues, and several Courts of Appeals have held, that a
> subsidiary's jurisdictional contacts can be imputed to its
> parent only when the former is so dominated by the latter as to
> be its alter ego.  The Ninth Circuit adopted a less rigorous test
> based on what it described as an 'agency' relationship.
> Agencies, we note, come in many sizes and shapes:  'One may
> be an agent for some business purposes and not others so that
> the fact that one may be an agent for one purpose does not
> make him or her an agent for every purpose.'  2A C. J. S.,
> Agency §43, p. 367 (2013) (footnote omitted).  A subsidiary, for
> example, might be its parent's agent for claims arising in the
> place where the subsidiary operates, yet not its agent regarding
> claims arising elsewhere.  The Court of Appeals did not advert
> to that prospect.  But we need not pass judgment on invocation
> of an agency theory in the context of general jurisdiction, for in
> no event can the appeals court's analysis be sustained."

*Id.* at 134-35.  The Supreme Court then refused to find general jurisdiction

because:

> "Even if we were to assume that MBUSA is at home in
> California, and further to assume MBUSA's contacts are
> imputable to Daimler, there would still be no basis to subject
> Daimler to general jurisdiction in California, for Daimler's
> slim contacts with the State hardly render it at home there."

*Id.* at 136.  For the same reasons, Rakuten, Inc. (a Japanese corporation and

holding company) is not "at home" in Pennsylvania and therefore is not

subject to personal jurisdiction in Pennsylvania for the claims asserted by Plaintiff Zachary Lutz in this action.

Rakuten, Inc.'s "ecosystem" concept is not a tangible, or even intangible, thing that is capable of "functioning" or "operating" in Pennsylvania, or in any other limited geographic location for that matter. It is not a concept that is specifically focused on or targeted at Pennsylvania or Pennsylvania residents. It is merely the name for a concept describing how numerous members of a large corporate family are organized under a holding company parent and then might share brands, communications, data, and interactions with each other and with consumers, and is a concept that is primarily focused on e-commerce interactions in Japan. It has nothing to do with (a) baseball, (b) Rakuten Baseball, Inc., or (c) Rakuten Baseball, Inc.'s negotiations with players or prospective players for Rakuten Baseball, Inc.'s Tohoku Rakuten Golden Eagles professional baseball team in Sendai, Japan.

The following is one example of a statement on Rakuten, Inc.'s website describing such an "ecosystem":

> Rakuten Group's broad range of online and off-line services includes e-commerce, travel, FinTech, digital contents and communications, as well as credit cards, banking, securities, insurance, electronic money and even professional sports. By linking these many diverse services through a common membership and loyalty program, we have created a unique Rakuten Ecosystem.
>
> By using these services – whether shopping, streaming content, banking, or other – members can earn Rakuten Super Points, which can then be used to enjoy other services. As it enables and encourages user engagement across multiple platforms and services, the Rakuten Ecosystem is a unique strength that minimizes customer acquisition costs and maximizes the lifetime value of each Rakuten member to the Group and drives growth of gross transaction value (GTV). Close to 95 million registered members based in Japan can now easily access services across the Ecosystem using a single Rakuten member ID. We look forward to expanding the Ecosystem to encompass all of our more than 1.2 billion global users.

*See* **https://global.rakuten.com/corp/about/index.html#strengths** (**accessed on December 20, 2018**).  **As noted in the last two sentences of that text, access to services across the Rakuten "ecosystem" is primarily focused on people located in Japan.  Such access has not yet been significantly implemented outside Japan, including in the United States.**

**As to Plaintiff Zachary Lutz's reference to material on page 11 of his** *Memorandum of Law in Opposition to Defendants' Motions to Dismiss Plaintiff's Complaint or to Stay Proceedings* **[ECF Docket No. 16], Rakuten, Inc. does not own or operate Rakuten Marketing LLC's website (https://rakutenmarketing.com) and is unaware of what Rakuten Marketing LLC or any other entity affiliated with Rakuten Inc. might have meant or intended by statements included on a website owned and operated by such entity.**

**Rakuten, Inc. has already produced numerous documents pursuant to Federal Rule of Civil Procedure 33(d) that explain how it views this corporate family "ecosystem" concept.  Those documents, totaling 126 pages of "ecosystem"-related documents, are publicly available to Plaintiff Zachary**

**Lutz as well as to anyone else with Internet access.  Along with that production, Rakuten, Inc. also gave Plaintiff Zachary Lutz a key to how to find many more such documents, all of which likewise are publicly and equally available to Plaintiff Zachary Lutz, using an advanced Google search (*e.g.*, "rakuten ecosystem" + "site:global.rakuten.com/corp/").  Plaintiff Zachary Lutz can use that search template to find "rakuten ecosystem" or "ecosystem" appearing on any website he wants to search.**

**Notwithstanding the foregoing, Rakuten, Inc. will produce additional examples of documents pursuant to Federal Rule of Civil Procedure 33(d) that will explain how it views this corporate family "ecosystem" concept.**

## INTERROGATORY NO. 6:

"Describe in detail, separately for each company or subsidiary, all of Defendants' business activities in Pennsylvania from January 1, 2014 to the present."

## SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 6:

Rakuten, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten, Inc. responds as follows:

**Rakuten, Inc. is a Japanese corporation headquartered at 1-14-1 Tamagawa, Setagaya-ku, Tokyo 158-0094, Japan.  It does not have, and has never had, any offices, employees, operations, or business activities in Pennsylvania.**

Rakuten, Inc. is a holding company that has, under its Japanese corporate umbrella, more than 70 businesses constituting its corporate family in approximately 30 countries and regions around the world.  Those businesses engage in a wide variety of e-commerce, digital content, communications, financial technology, sports, investment, incubation, energy, and other services.  Rakuten, Inc.:

(a)     has never conducted or operated any business in Pennsylvania;

(b)     has never been licensed to conduct business in Pennsylvania;

(c)     has never had an agent for service of process in Pennsylvania;

(d)     has never collected or paid sales, property or any other taxes in Pennsylvania;

(e)     has never been regulated by the laws or regulations of Pennsylvania;

(f)     has never owned or leased any offices or other real property in Pennsylvania;

(g)     has never maintained corporate records in Pennsylvania;

(h)     has never had any bank accounts in Pennsylvania;

(i)     has never had any employees or officers in Pennsylvania;

(j)     has never held any director or shareholder meetings in
        Pennsylvania;

(k)     has never had companies or subsidiaries conducting
        business activities in Pennsylvania on its behalf;

(l)     has never had any direct, wholly owned subsidiaries
        operating in Pennsylvania;

(m)     has never sold products or provided services to
        Pennsylvania residents;

(n)     has never generated revenues in Pennsylvania; and

(o)     has never had operations in Pennsylvania.

Rakuten, Inc. has no direct, wholly owned subsidiaries operating in
Pennsylvania.  While there are members of the corporate family who might
have some contact on occasion with individuals living in Pennsylvania, none
of those members are direct, wholly owned subsidiaries of Rakuten, Inc.
Instead, they are subsidiaries of other entities that might be one or more
levels removed from the ultimate Japanese holding company, Rakuten, Inc.

Rakuten Commerce LLC ( dba "Rakuten.com") provides an example.
It is a Delaware limited liability company headquartered in San Mateo,
California.  It is not a direct, wholly owned subsidiary of Rakuten, Inc.
Rakuten, Inc. has no operational oversight concerning Rakuten Commerce
LLC's operations or business.  Rakuten Commerce LLC provides an online
platform where third-party sellers can market their products to consumers.
Any such products that might be sold are sold by those third-party sellers—

not Rakuten Commerce LLC.  Some such potential consumers of such third-party sellers' products might be living in Pennsylvania but Rakuten, Inc. understands that Rakuten Commerce LLC does not specifically target Pennsylvania residents or otherwise direct its Internet activities at the Commonwealth of Pennsylvania.

The more than 70 businesses constituting the corporate family under Rakuten, Inc.'s Japanese corporate umbrella are separate from Rakuten, Inc. and operate as separate, independent entities.  Each maintains its own separate corporate formalities.  Each (a) holds its own shareholder meetings and board meetings, (b) maintains its own minutes, (c) files its own corporate records, (d) maintains its own separate bank accounts and offices, and (e) has adequate capital for its separate operations.  Rakuten, Inc. does not pay taxes on behalf of any of these entities.  Rakuten, Inc. has no operational oversight concerning their operations or businesses.

As to Rakuten Baseball, Inc., a Japanese corporation headquartered at 2-11-6 Miyagino, Miyagino-ku, Sendai, Miyagi 983-0045, Japan, it is not a division of Rakuten, Inc.  While it is a direct, wholly owned subsidiary of Rakuten, Inc., it is a separate Japanese entity and operates as such. Rakuten, Inc. has no operational oversight concerning Rakuten Baseball, Inc.'s operations, business, or negotiations with its baseball team players. Rakuten, Inc. does not get involved in Rakuten Baseball, Inc.'s negotiations with baseball team players, and had no involvement in any of the negotiations with Plaintiff Zachary Lutz.

The only presence that any member of the Rakuten family of companies has in Pennsylvania is one warehouse with 20 employees located in Scranton.  That warehouse is operated by Webgistix Corporation, a Nevada corporation headquartered in Las Vegas, Nevada.  Webgistix Corporation provides order transshipment and fulfillment services for e-commerce retailers.  It was founded in 2001 and became a Rakuten-affiliated company in 2013.

Webgistix Corporation has transshipment and fulfillment warehouses in:  Olean, New York; Las Vegas, Nevada; Atlanta, Georgia; Reno, Nevada; Scranton, Pennsylvania; Newark, New Jersey; Chicago, Illinois; and Austin, Texas.  The Scranton warehouse has only 20 employees.  Neither Webgistix Corporation nor its transshipment and fulfillment warehouse in Scranton has anything to do with Rakuten Baseball, Inc. or with baseball, Plaintiff Zachary Lutz, or Plaintiff Zachary Lutz's claims in this lawsuit arising from a purported contract to play baseball for the Tohoku Rakuten Golden Eagles baseball team in Sendai, Japan for the 2015 season.  No revenues earned by Webgistix Corporation are allocated to Rakuten, Inc. (a Japanese corporation and holding company).

**INTERROGATORY NO. 7:**

"Describe in detail, separately for each company or subsidiary, all revenue generated by Defendants in Pennsylvania from January 1, 2014 to the present."

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 7:**

Rakuten, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten, Inc. responds as follows:

**Rakuten, Inc. (a Japanese holding company) generated no revenues in Pennsylvania from January 1, 2014 to the present.**

**INTERROGATORY NO. 8:**

"Describe in detail, separately for each company or subsidiary, all taxes paid by Defendants in Pennsylvania from January 1, 2014 to the present."

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 8:**

Rakuten, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten, Inc. responds as follows:

**Rakuten, Inc. (a Japanese holding company) paid no taxes in Pennsylvania from January 1, 2014 to the present.**

**INTERROGATORY NO. 9:**

"Describe in detail, separately for each company or subsidiary, all taxes (including but not limited to sales tax) collected from Pennsylvania residents by Defendants from January 1, 2014 to the present."

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 9:**

Rakuten, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten, Inc. responds as follows:

**Rakuten, Inc. (a Japanese holding company) collected no taxes from Pennsylvania residents from January 1, 2014 to the present.**

**INTERROGATORY NO. 10:**

"Describe in detail, separately for each company or subsidiary, all advertising conducted by Defendants in Pennsylvania from January 1, 2014 to the present."

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 10:**

Rakuten, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten, Inc. responds as follows:

**Rakuten, Inc. is a Japanese corporation headquartered at 1-14-1 Tamagawa, Setagaya-ku, Tokyo 158-0094, Japan.  To the best of its knowledge, neither Rakuten, Inc. nor any of its direct, wholly owned subsidiaries purchased or placed advertisements in Pennsylvania from January 1, 2014 to the present.**

**The only advertisement allegedly appearing in Pennsylvania to which Plaintiff Zachary Lutz points is part of an image that Plaintiff Zachary Lutz's counsel, Kenneth A. Jacobsen, states appeared in a "television commercial in [*sic*] metropolitan Philadelphia area" on November 26, 2017.**

-30-

The only purported evidentiary support for that assertion is in Paragraph 6 of Mr. Jacobsen's declaration submitted to this Court on December 14, 2017 [ECF Docket No. 16-1] where all he states is:

> "Exhibit D:  Novenber [*sic*] 26, 2017 screenshot of Ebates television commercial in metropolitan Philadelphia area."

That Exhibit D appears to be part of some photograph or screen capture that merely states:

"EBATES®<br/>A Rakuten Company"

Ebates Inc. is a Delaware corporation headquartered in San Francisco, California.  It operates a membership-based online cash-back website.  Rakuten, Inc. is informed that Ebates, Inc. does not have, and has never had, any offices, employees, or operations in Pennsylvania.  It was founded in 1998 and became a Rakuten-affiliated company in 2014.

But even if California-based Ebates Inc. did indeed run a television commercial that was able to be seen by some viewers somewhere in Pennsylvania on November 26, 2017, as alleged by Plaintiff Zachary Lutz, it had nothing to do with Rakuten, Inc. or Rakuten Baseball, Inc., or with baseball, Plaintiff Zachary Lutz, or Plaintiff Zachary Lutz's claims in this lawsuit, all of which arise from a purported contract for Plaintiff Zachary Lutz to play baseball for the Tohoku Rakuten Golden Eagles baseball team in Sendai, Japan for the 2015 season.

**<u>INTERROGATORY NO. 11</u>:**

"Describe in detail, separately for each company or subsidiary, how the financial results of that company or subsidiary from its business activities in Pennsylvania are reported on the financial statements of Defendant Rakuten, Inc."

**<u>SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 11</u>:**

Rakuten, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten, Inc. responds as follows:

**Rakuten, Inc. is a Japanese corporation headquartered at 1-14-1 Tamagawa, Setagaya-ku, Tokyo 158-0094, Japan.  It does not have, and has never had, any offices, employees, or operations in the United States.**

**Rakuten, Inc.:**

    **(a)    has never conducted or operated any business in Pennsylvania;**

    **(b)    has never been licensed to conduct business in Pennsylvania;**

    **(c)    has never had an agent for service of process in Pennsylvania;**

    **(d)    has never collected or paid sales, property or any other taxes in Pennsylvania;**

    **(e)    has never been regulated by the laws or regulations of Pennsylvania;**

    **(f)**      **has never owned or leased any offices or other real property in Pennsylvania;**

    **(g)**      **has never maintained corporate records in Pennsylvania;**

    **(h)**      **has never had any bank accounts in Pennsylvania;**

    **(i)**      **has never had any employees or officers in Pennsylvania;**

    **(j)**      **has never held any director or shareholder meetings in Pennsylvania;**

    **(k)**      **has never had companies or subsidiaries conducting business activities in Pennsylvania on its behalf;**

    **(l)**      **has never had any direct, wholly owned subsidiaries operating in Pennsylvania;**

    **(m)**      **has never sold products or provided services to Pennsylvania residents;**

    **(n)**      **has never generated revenues in Pennsylvania; and**

    **(o)**      **has never had operations in Pennsylvania.**

**As a result, Rakuten, Inc. (a Japanese holding company) does not report financial results on its financial statements from any business activities it had in Pennsylvania, as there have been no such activities.  Nor does it report financial results on its financial statements from any business activities that any of its direct, wholly owned subsidiaries had in Pennsylvania, as there have been no such activities.**

**INTERROGATORY NO. 12:**

"Describe in detail how defendant Rakuten, Inc. benefits financially from the business activities of any of its subsidiaries in Pennsylvania."

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 12:**

Rakuten, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten, Inc. responds as follows:

**Rakuten, Inc. is a Japanese corporation headquartered at 1-14-1 Tamagawa, Setagaya-ku, Tokyo 158-0094, Japan.  It does not have, and has never had, any offices, employees, or operations in the United States.**

**Rakuten, Inc.:**

    **(a)    has never conducted or operated any business in Pennsylvania;**

    **(b)    has never been licensed to conduct business in Pennsylvania;**

    **(c)    has never had an agent for service of process in Pennsylvania;**

    **(d)    has never collected or paid sales, property or any other taxes in Pennsylvania;**

    **(e)    has never been regulated by the laws or regulations of Pennsylvania;**

    **(f)    has never owned or leased any offices or other real property in Pennsylvania;**

-34-

(g)     has never maintained corporate records in

Pennsylvania;

(h)     has never had any bank accounts in Pennsylvania;

(i)     has never had any employees or officers in

Pennsylvania;

(j)     has never held any director or shareholder meetings in

Pennsylvania;

(k)     has never had companies or subsidiaries conducting

business activities in Pennsylvania on its behalf;

(l)     has never had any direct, wholly owned subsidiaries

operating in Pennsylvania;

(m)    has never sold products or provided services to

Pennsylvania residents;

(n)     has never generated revenues in Pennsylvania; and

(o)     has never had operations in Pennsylvania.

As a result, Rakuten, Inc. (a Japanese holding company) has not benefited financially from any business activities it had in Pennsylvania, as there have been no such activities.  Nor has it benefited from any business activities that any of its direct, wholly owned subsidiaries had in Pennsylvania, as there have been no such activities.

**INTERROGATORY NO. 13:**

"State specifically and in detail the annual and quarterly revenue reported by Defendant Rakuten, Inc. from the business activities of its subsidiaries in Pennsylvania from January 1, 2014 to the present."

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 13:**

Rakuten, Inc. incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Rakuten, Inc. responds as follows:

**Rakuten, Inc. is a Japanese corporation headquartered at 1-14-1 Tamagawa, Setagaya-ku, Tokyo 158-0094, Japan.  It does not have, and has never had, any offices, employees, or operations in the United States.**

**Rakuten, Inc.:**

**(a)    has never conducted or operated any business in Pennsylvania;**

**(b)    has never been licensed to conduct business in Pennsylvania;**

**(c)    has never had an agent for service of process in Pennsylvania;**

**(d)    has never collected or paid sales, property or any other taxes in Pennsylvania;**

**(e)    has never been regulated by the laws or regulations of Pennsylvania;**

     **(f)**      **has never owned or leased any offices or other real property in Pennsylvania;**

     **(g)**      **has never maintained corporate records in Pennsylvania;**

     **(h)**      **has never had any bank accounts in Pennsylvania;**

     **(i)**      **has never had any employees or officers in Pennsylvania;**

     **(j)**      **has never held any director or shareholder meetings in Pennsylvania;**

     **(k)**      **has never had companies or subsidiaries conducting business activities in Pennsylvania on its behalf;**

     **(l)**      **has never had any direct, wholly owned subsidiaries operating in Pennsylvania;**

     **(m)**      **has never sold products or provided services to Pennsylvania residents;**

     **(n)**      **has never generated revenues in Pennsylvania; and**

     **(o)**      **has never had operations in Pennsylvania.**

**As a result, Rakuten, Inc. (a Japanese holding company) does not report revenue from any business activities it had in Pennsylvania from January 1, 2014 to the present, as there have been no such activities.  Nor does it report revenue from any business activities that any of its direct, wholly owned subsidiaries had in Pennsylvania from January 1, 2014 to the present, as there have been no such activities.**

Dated:  December 26, 2018

By       */s/ Kent R. Raygor*
KENT R. RAYGOR

STEVENS & LEE PC
JOSEPH E. WOLFSON, Pa. Bar No. 44431
1818 Market Street, 29th Floor
Philadelphia, Pennsylvania  19103
Telephone:    (215) 575-0100
Facsimile:    (215) 851-0214
Email:      jwo@stevenslee.com

SHEPPARD MULLIN RICHTER & HAMPTON LLP
KENT R. RAYGOR, Cal. Bar No. 117224
VALERIE E. ALTER, Cal. Bar No. 239905
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6055
Telephone:    (310) 228-3700
Facsimile:    (310) 228-3701
Email:      kraygor@sheppardmullin.com
              valter@sheppardmullin.com
[Admitted *pro hac vice*]

*Counsel for Defendant Rakuten, Inc.*

488757241.1

-38-

## **VERIFICATION**

I, Naoki Mizuguchi, am authorized to make this verification for and on behalf of Rakuten, Inc.  I have read the answers (other than objections, statement of an election to produce pursuant to FEDERAL RULE OF CIVIL PROCEDURE 33(d), and legal argument) provided in Rakuten, Inc.'s attached responses to Plaintiff Zachary Lutz's interrogatories on jurisdictional issues.  I am informed and believe and on that ground allege that the information provided in those answers is true.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 25, 2018 in Tokyo, Japan.

NAOKI MIZUGUCHI

## <u>CERTIFICATE OF SERVICE</u>

I, Kent R. Raygor, hereby certify that on December 26, 2018, the foregoing document

was enclosed in a sealed envelope addressed to the following counsel of record for Plaintiff

Zachary Lutz and then served on Plaintiff Zachary Lutz by First Class United States mail,

postage prepaid, and addressed as follows:

> Kenneth A. Jacobsen, Esq.
> JACOBSEN LAW OFFICES LLC
> 210 West Rittenhouse Square, Suite 1705
> Philadelphia, Pennsylvania  19103

I also sent a courtesy copy to Mr. Jacobsen by e-mail on December 26, 2018.

*/s/ Kent R. Raygor*

KENT R. RAYGOR
*Counsel for Defendant Rakuten, Inc.*

**EXHIBIT C TO DECLARATION OF KENT R. RAYGOR**

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ZACHARY LUTZ,<br><br>            Plaintiff,<br><br>    v.<br><br>RAKUTEN, INC., RAKUTEN BASEBALL,<br>INC. and HIROSHI MIKITANI,<br><br>            Defendants. | Civil Action No. 17-03895 |

## HIROSHI MIKITANI'S *SUPPLEMENTAL AND AMENDED* RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES ON JURISDICTION

[Interrogatory Nos. 1-13]

Defendant Hiroshi Mikitani hereby provides supplemental and amended responses to *Plaintiff's First Set of Interrogatories on Jurisdiction* as follows:

## OBJECTIONS TO PLAINTIFF'S SPECIAL DEFINITION

Mr. Mikitani objects to Plaintiff Zachary Lutz's special definition for "Defendants" as it treats the three named defendants as one collective and indistinguishable entity, rendering the definition vague and ambiguous.  Rakuten, Inc., Rakuten Baseball, Inc., and Hiroshi Mikitani are separate entities/individuals, each of which or whom observes corporate formalities.  Plaintiff Zachary Lutz's special definition compounds the problem by (a) including in the definition the phrase "all of their respective employees, agents and representatives and anyone acting or purporting to act on their behalf", and (b) failing to identify who is the "their" to which Plaintiff Zachary Lutz is referring.  Plaintiff Zachary Lutz's special definition further compounds the problem in that Mr. Mikitani does not understand what Plaintiff Zachary Lutz intends by including in the definition the phrase "'Defendants' means individually, jointly or collectively Rakuten, Inc., Rakuten Baseball, Inc. and Hiroshi Mikitani", particularly when it goes on to state that (a) for Rakuten, Inc. "it shall also include all of its wholly owned subsidiaries", and (b) for all three, goes on to state "It shall also include all of their respective employees, agents and representatives and anyone acting or purporting to act on their behalf" as Mr. Mikitani does not know who might be "purporting to act" on his, Rakuten Baseball, Inc.'s, and Rakuten, Inc.'s behalf or that of their wholly owned subsidiaries, or on behalf of all of their respective employees, agents and representatives.  Thus, Mr. Mikitani will treat the term "Defendants" as if it is defined to mean only named defendant Hiroshi Mikitani, and will respond individually and only for himself.

## INCORPORATED OBJECTIONS

For the purpose of preserving objections and avoiding any arguable waiver, Mr. Mikitani objects to each of the interrogatories below to the extent it:  (a) seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case; or (b) exceeds the scope of permissible jurisdictional discovery allowed by the Court's September 11 and November 29, 2018 *Orders* [ECF Docket Nos. 23 and 35], for example by using jurisdictional discovery as a vehicle to get into the underlying merits.  *See Marchionda v. Embassy Suites, Inc.*, 122 F. Supp. 3d 208, 211 (D.N.J. 2015) (jurisdictional discovery is limited and "should not . . . serve as 'a fishing expedition' into the underlying merits") (*quoting LaSala v. Marfin Popular Bank Public Co., Ltd.*, 410 F. Appx. 474, 478 (3d Cir. 2011)); *Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) ("A plaintiff may not . . . undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery.").

## RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1:

"Describe in detail the nature, scope and purpose of the ''[*sic*] Rakuten Ecosystem' as that term is used on Defendant's [*sic*] websites (*e.g.*, https://rakutenmarketing.com, reproduced on page 11 of Plaintiff's Memorandum of Law in Opposition to Defendants' Motions to Dismiss Plaintiff's Complaint or to Stay Proceedings {[*sic*]Doc. 16])."

**<u>SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 1</u>:**

Mr. Mikitani incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Mr. Mikitani responds as follows:

**Mr. Mikitani is a Japanese citizen and resident.  Mr. Mikitani does not have a personal website that uses the phrase "Rakuten Ecosystem" or the word "ecosystem".**

**<u>INTERROGATORY NO. 2</u>:**

"Describe in detail Rakuten Marketing's business activities in Pennsylvania."

**<u>SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 2</u>:**

Mr. Mikitani incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Mr. Mikitani responds as follows:

**Mr. Mikitani is a Japanese citizen and resident.  Rakuten Marketing LLC is a Delaware corporation with its headquarters in New York, New York.  Mr. Mikitani is not aware of any business activities that Rakuten Marketing LLC has or might have in Pennsylvania.**

**<u>INTERROGATORY NO. 3</u>:**

"Describe in detail how Rakuten Marketing achieved a 'legacy of empowerment through its relationship with Rakuten, Inc.' (https://rakutenmarketing.com) including, but not limited to, how Rakuten, Inc. contributed to that 'empowerment.'"

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 3:**

Mr. Mikitani incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Mr. Mikitani responds as follows:

**Mr. Mikitani is a Japanese citizen and resident.  Rakuten Marketing LLC is a Delaware corporation with its headquarters in New York, New York.  Mr. Mikitani is not aware of any business activities that Rakuten Marketing LLC has or might have in Pennsylvania, and is not aware of what Rakuten Marketing LLC might have meant or intended by such language included in its website.**

**INTERROGATORY NO. 4:**

"Describe in detail how and to what extent Rakuten Marketing 'engage[s] and influence[s] consumers' in Pennsylvania. (https://rakutenmarketing.com)."

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 4:**

Mr. Mikitani incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Mr. Mikitani responds as follows:

**Mr. Mikitani is a Japanese citizen and resident.  Rakuten Marketing LLC is a Delaware corporation with its headquarters in New York, New York.**

**Plaintiff Zachary Lutz's interrogatory misrepresents Rakuten Marketing LLC's website.  Contrary to Plaintiff Zachary Lutz's assertion,**

**Rakuten Marketing LLC's website does not state that Rakuten Marketing LLC engages and influences consumers in Pennsylvania.  All it states is:**

> **"Our [Rakuten Marketing LLC's] global presence allows us to engage and influence consumers worldwide."**

**Notwithstanding the foregoing, Mr. Mikitani is not aware of any business activities that Rakuten Marketing LLC has or might have in Pennsylvania, and is not aware of what Rakuten Marketing LLC might have meant or intended by such language included in its website.**

## INTERROGATORY NO. 5:

"Describe in detail how the 'Rakuten Ecosystem,' or any part of it, functions or operates in Pennsylvania."

## SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 5:

Mr. Mikitani incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Mr. Mikitani responds as follows:

**Mr. Mikitani is a Japanese citizen and resident.**

**The "ecosystem" (a) is merely the name for a concept describing how numerous members of a large corporate family are organized under a holding company parent and then might share brands, communications, data, and interactions with each other and with consumers, and (b) is not a tangible, or even intangible, thing that is capable of "functioning" or "operating" in Pennsylvania, or in any other limited geographic location for that matter.**

-6-

**INTERROGATORY NO. 6:**

"Describe in detail, separately for each company or subsidiary, all of Defendants' business activities in Pennsylvania from January 1, 2014 to the present."

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 6:**

Mr. Mikitani incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Mr. Mikitani responds as follows:

**Mr. Mikitani is a Japanese citizen and resident.  Mr. Mikitani has not resided, worked, or been in Pennsylvania at any time from January 1, 2014 to the present.  Mr. Mikitani has not conducted business in Pennsylvania at any time from January 1, 2014 to the present.**

**Mr. Mikitani and his staff have checked his travel records and have found nothing indicating that he has been in Pennsylvania at any time since 2000.  Mr. Mikitani has no recollection of having visited Pennsylvania at any time since 2000.**

**Hiroshi Mikitani is the CEO and Chairman of Rakuten, Inc. Contrary to the allegations made by Plaintiff Zachary Lutz, Mr. Mikitani does not own the Tohoku Rakuten Golden Eagles baseball team, does not operate Rakuten Baseball, Inc., does not operate the Tohoku Rakuten Golden Eagles baseball team, and had no involvement in any of the negotiations with Plaintiff Zachary Lutz.**

**Because Rakuten Baseball, Inc. is a direct, wholly owned subsidiary of Rakuten, Inc., Mr. Mikitani is on Rakuten Baseball, Inc.'s board and as a**

result holds a Rakuten Baseball, Inc. title—"Executive Director, Chairman, and Owner".  "Owner" as used in that title, however, does not mean that Mr. Mikitani owns Rakuten Baseball, Inc. or its Tohoku Rakuten Golden Eagles baseball team.  "Owner" has a different meaning in Japan than it would in the United States.  In Japan, it does not refer to actual ownership.  Instead, it merely refers to Mr. Mikitani's status as a team representative by virtue of the fact that Rakuten, Inc. is the parent of Rakuten Baseball, Inc.  The constitution of Japan's professional baseball league, Nippon Professional Baseball, defines "owner" as someone who represents the company that owns or controls the baseball team, and who also is an executive of the company operating the team.  As the parent company of Rakuten Baseball, Inc., Rakuten, Inc. owns all the shares of Rakuten Baseball, Inc.

As a Rakuten Baseball, Inc. board member, Mr. Mikitani is not involved in the day-to-day operations of Rakuten Baseball, Inc. or its baseball team, nor in negotiations for baseball players to play on the team. His role at Rakuten Baseball, Inc. is limited to:  (a) attending Owners Meetings held by Nippon Professional Baseball, Japan's professional baseball league; (b) attending Rakuten Baseball, Inc.'s board meeting once a quarter; and (c) overseeing governance of Rakuten Baseball, Inc. as the CEO and Chairman of Rakuten, Inc.

Mr. Mikitani (a) does not use Rakuten Baseball, Inc. to shelter any personal assets, (b) does not commingle his personal funds with those of Rakuten Baseball, Inc., (c) does not take funds for his own use from Rakuten

Baseball, Inc., and (d) does not operate Rakuten Baseball, Inc. with his personal funds.  Rakuten Baseball, Inc. was not formed to shield Mr. Mikitani from any liability.  Rakuten Baseball, Inc. has consistently turned a profit and has never been insolvent.  Rakuten Baseball, Inc. was incorporated in good faith, observes all corporate formalities, and has been operating the Tohoku Rakuten Golden Eagles team continuously since 2005.

Mr. Mikitani has never had any involvement in (a) the negotiations between Rakuten Baseball, Inc. and Plaintiff Zachary Lutz for him to play for the Tohoku Rakuten Golden Eagles baseball team for the 2014 season, (b) the discussions between Rakuten Baseball, Inc. and Plaintiff Zachary Lutz for him to play for the Tohoku Rakuten Golden Eagles baseball team for the 2015 season, or (c) the decision not to conclude a contract with Plaintiff Zachary Lutz for the 2015 season.  Mr. Mikitani was not consulted about any of those decisions and did not direct Rakuten Baseball, Inc. to do anything with or concerning Plaintiff Zachary Lutz at any time.


**INTERROGATORY NO. 7:**

"Describe in detail, separately for each company or subsidiary, all revenue generated by Defendants in Pennsylvania from January 1, 2014 to the present."

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 7:**

Mr. Mikitani incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Mr. Mikitani responds as follows:

**Mr. Mikitani is a Japanese citizen and resident.  Mr. Mikitani generated no revenues in Pennsylvania from January 1, 2014 to the present.**

**INTERROGATORY NO. 8:**

"Describe in detail, separately for each company or subsidiary, all taxes paid by Defendants in Pennsylvania from January 1, 2014 to the present."

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 8:**

Mr. Mikitani incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Mr. Mikitani responds as follows:

**Mr. Mikitani is a Japanese citizen and resident.  Mr. Mikitani paid no taxes in Pennsylvania from January 1, 2014 to the present.**

**INTERROGATORY NO. 9:**

"Describe in detail, separately for each company or subsidiary, all taxes (including but not limited to sales tax) collected from Pennsylvania residents by Defendants from January 1, 2014 to the present."

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 9:**

Mr. Mikitani incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Mr. Mikitani responds as follows:

-10-

**Mr. Mikitani is a Japanese citizen and resident.  Mr. Mikitani collected no taxes from Pennsylvania residents from January 1, 2014 to the present.**

## INTERROGATORY NO. 10:

"Describe in detail, separately for each company or subsidiary, all advertising conducted by Defendants in Pennsylvania from January 1, 2014 to the present."

## SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 10:

Mr. Mikitani incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Mr. Mikitani responds as follows:

**Mr. Mikitani is a Japanese citizen and resident.  Mr. Mikitani did not purchase or place any advertisements in Pennsylvania from January 1, 2014 to the present.**

## INTERROGATORY NO. 11:

"Describe in detail, separately for each company or subsidiary, how the financial results of that company or subsidiary from its business activities in Pennsylvania are reported on the financial statements of Defendant Rakuten, Inc."

## SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 11:

Mr. Mikitani incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Mr. Mikitani responds as follows:

**Mr. Mikitani is a Japanese citizen and resident.  Mr. Mikitani has**
**never conducted or operated any business activities in Pennsylvania.  As a**
**result, Mr. Mikitani has no financial results from business activities in**
**Pennsylvania that are reported on Rakuten, Inc.'s financial statements, as**
**there are no such activities.**

**INTERROGATORY NO. 12:**

"Describe in detail how defendant Rakuten, Inc. benefits financially from the business activities of any of its subsidiaries in Pennsylvania."

**SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 12:**

Mr. Mikitani incorporates herein the Objections to Plaintiff's Special Definition and the Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Mr. Mikitani responds as follows:

**Mr. Mikitani is a Japanese citizen and resident.  Mr. Mikitani has**
**never conducted or operated any business activities in Pennsylvania.  As a**
**result, Rakuten, Inc. does not benefit financially from any business activities**
**of Mr. Mikitani in Pennsylvania, as there are no such activities.**

**INTERROGATORY NO. 13:**

"State specifically and in detail the annual and quarterly revenue reported by Defendant Rakuten, Inc. from the business activities of its subsidiaries in Pennsylvania from January 1, 2014 to the present."

**<u>SUPPLEMENTAL AND AMENDED RESPONSE TO INTERROGATORY NO. 13</u>:**

Mr. Mikitani incorporates herein the Objections to Plaintiff's Special Definition and the

Incorporated Objections, set forth above.  Without waiver or limitation of the foregoing, Mr.

Mikitani responds as follows:

**Mr. Mikitani is a Japanese citizen and resident.  Mr. Mikitani has**

**never conducted or operated any business activities in Pennsylvania.  As a**

**result, Rakuten, Inc. does not report revenue from any business activities of**

**Mr. Mikitani in Pennsylvania from January 1, 2014 to the present, as there**

**have been no such activities.**

Dated:  December 26, 2018

By      _____
                       */s/ Kent R. Raygor*
                 KENT R. RAYGOR

STEVENS & LEE PC
JOSEPH E. WOLFSON, Pa. Bar No. 44431
1818 Market Street, 29th Floor
Philadelphia, Pennsylvania  19103
Telephone:  (215) 575-0100
Facsimile:  (215) 851-0214
Email:      jwo@stevenslee.com

SHEPPARD MULLIN RICHTER & HAMPTON LLP
KENT R. RAYGOR, Cal. Bar No. 117224
VALERIE E. ALTER, Cal. Bar No. 239905
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6055
Telephone:  (310) 228-3700
Facsimile:  (310) 228-3701
Email:      kraygor@sheppardmullin.com
            valter@sheppardmullin.com
[Admitted *pro hac vice*]

*Counsel for Defendant Hiroshi Mikitani*

488757236.1

## **VERIFICATION**

I, Hiroshi Mikitani, have read the answers (other than objections) provided in the attached responses to Plaintiff Zachary Lutz's interrogatories on jurisdictional issues. I am informed and believe and on that ground allege that the information provided in those answers is true. I declare under penalty of perjury under the laws of the United States of America that the information provided in those answers is true and correct.

Executed on December 25, 2018 in Tokyo, Japan.

HIROSHI MIKITANI

## <u>CERTIFICATE OF SERVICE</u>

I, Kent R. Raygor, hereby certify that on December 26, 2018, the foregoing document

was enclosed in a sealed envelope addressed to the following counsel of record for Plaintiff

Zachary Lutz and then served on Plaintiff Zachary Lutz by First Class United States mail,

postage prepaid, and addressed as follows:

> Kenneth A. Jacobsen, Esq.
> JACOBSEN LAW OFFICES LLC
> 210 West Rittenhouse Square, Suite 1705
> Philadelphia, Pennsylvania  19103

I also sent a courtesy copy to Mr. Jacobsen by e-mail on December 26, 2018.

*/s/ Kent R. Raygor*
KENT R. RAYGOR
*Counsel for Defendant Hiroshi Mikitani*

## <u>CERTIFICATE OF SERVICE</u>

I, Valerie E. Alter, hereby certify that on the 25th day of January 2019, the foregoing document was filed electronically, is available for viewing and downloading from the CM/ECF System, and has been served via the Court's electronic filing service on all counsel of record.

<u>   /s/ Valerie E. Alter                      </u>

*Counsel for Defendants Rakuten, Inc.*
*and Rakuten baseball, Inc.*